327 P.2d 1012

**Clarence Charles CUMMINGS, Petitioner,**

v.

**Hon. Lorna E. LOCKWOOD, Judge of the Superior Court of the State of Arizona, In and for the County of Maricopa, Respondent.**

No. 6655.

Supreme Court of Arizona.

July 9, 1958.

Marshall W. Haislip, Phoenix, for petitioner.

Charles Christakis, Phoenix, for respondent.

JOHNSON, Justice.

The sole question presented is whether the amount of an allowance of alimony, in the final judgment, payable in installments of $75 per month "for a period of six (6) months only" is subject to subsequent modification under A.R.S. § 25–321. That section provides:

> "The court may from time to time after entry of final judgment, on petition of either party, amend, revise and alter the portions of the decree which relate to payment of money for the support and maintenance of the wife * * * as may be just * * *."

The wife was granted a divorce from the petitioner herein on the 9th day of September, 1957, with a provision in the decree that

> "3. That the defendant (petitioner herein) pay to plaintiff the sum of

seventy-five and no/100 ($75.00) dollars per month, beginning with the 15th day of September, 1957, for a period of six (6) months only as and for alimony payments."

The petitioner paid each of said payments as they became due, and on the 13th day of February, 1958, two days before the last payment was due, the wife filed a petition to modify the decree, to require the petitioner herein to pay her $150 per month, on the ground that she had been seriously injured which required an operation on her foot. The petitioner responded that prior to the divorce the parties entered into an agreement to settle their property rights and as a result each received the sum of $2,300 from the sale of their home, and that certain personal property was given to the wife on condition she pay the balance due thereon, which she failed to do, and that petitioner has been compelled to pay same and that he is now heavily indebted.

The trial court entered an order of modification requiring the petitioner to pay his former wife the sum of $100 per month for her support and maintenance until further order of court.

We issued an alternative writ of prohibition restraining the respondent court and the judge thereof from further proceedings, and to show cause why such court and the judge thereof should not be absolutely restrained and prohibited in the matter of awarding any further sum from

petitioner for the support and maintenance of his former wife.

■    The statute authorizing the payment of funds for the support and maintenance of the wife is A.R.S. § 25–319:

"In the final judgment of divorce the court may, in addition to division of the common property of the parties or in lieu thereof, direct the husband to pay to the wife such amounts as are necessary for support and maintenance of the wife and minor children of the parties whose custody is awarded to the wife, as may be necessary or proper. The court may adjudge that the amount be paid in *one sum* or *in installments*. * * *" (Emphasis supplied.)

It is established in this jurisdiction that the awarding of support and maintenance for the wife is addressed to the sound discretion of the trial court, and this court will not interfere with such discretion unless it is clear that some injustice has been done. Schuster v. Schuster, 42 Ariz. 190, 23 P.2d 559; Franklin v. Franklin, 75 Ariz. 151, 253 P.2d 337.

■    We are of the opinion that the decree of divorce entered September 9, 1957, by the Honorable Renz L. Jennings, who was the presiding judge at the time of the hearing on the complaint for divorce, ordering the petitioner herein to pay his wife "the sum of $75.00 per month for six

months *only*" as alimony, was in effect the award of a gross or lump sum to be paid in installments and within the discretion of the trial court under A.R.S. § 25-319, quoted above.

■ We are likewise of the opinion that where the trial court determines that the wife is entitled to an award for her support and maintenance it is a matter of sound judicial discretion, to be exercised with reference to established principles and upon a view of all the circumstances of each particular case, whether to order an amount paid in one sum or in installments. 17 Am.Jur., Divorce and Separation, § 670; 27 C.J.S. Divorce § 235. We know of no fixed rule for the determination of the question of whether gross or installment alimony should be awarded.

In Schouler Divorce Manuel, 1944 Ed., p. 391, the author says:

"There does not seem, however, to be a fixed rule in any state where the allowance may be made payable either periodically or in one lump sum by which can be determined the question of whether gross or installment payments should be made. Usually the determination is based upon the facts of the particular case, taking into consideration the husband's ability to make payment in one manner or the other and what the best interests of the parties require."

In the instant case the experienced trial judge determined from the particular facts and circumstances that the best interests of the parties required an award to the wife in one sum payable in installments, and we cannot say that such an award was an abuse of discretion.

■ The decree of divorce entered by the trial court specifically provided that alimony was payable for six months *only*. The use of the word "only" determines the question. It is a restrictive word, a word of limitation. Webster's New International Dictionary, Second Edition, and Webster's Dictionary of Synonyms. Its use in the decree of divorce meant, and can only mean, that payment of alimony terminated after six monthly payments, all of which have been made by petitioner.

In case the wife was dissatisfied with the award made in the decree she should have appealed within the time allowed by statute, and failing to do so the court loses jurisdiction and the judgment becomes final.

■■ The provisions of our statute, § 25-319, supra, and § 25-321, supra, should be construed together. We hold that § 25-321, relating to the power of the court from the time after entry of final judgment to alter, amend or revise the decree, relating to alimony, should be construed as impliedly excepting from its operation in this respect the right of the court to alter, amend or revise a decree of divorce where

an award has been made of gross alimony or alimony in one sum payable in installments. If § 25–321 is not so construed then § 25–319 does not mean anything when it provides that alimony may be in one sum.

As we said in Powers v. Isley, 66 Ariz. 94, 183 P.2d 880, 884, approving the rule from Hill v. County of Gila, 56 Ariz. 317, 107 P.2d 377:

> " 'The several provisions of the statute should be construed together in the light of the general purpose and object of the act and so as to give effect to the main intent and purpose of the legislature as therein expressed. If possible, a statute should be so construed as to render it a consistent and harmonious whole; if different portions seem to conflict, they should, if practicable, be harmonized, that construction being favored which will render every word operative rather than one which makes some words idle and nugatory. In other words, a statute must receive such construction as will make all its parts harmonize with each other, and render them consistent with its general scope and object.' "

The authority of the court to modify a decree of divorce allowing alimony in gross or in one sum payable in installments, has never been decided in this state. However, in the State of Nebraska, under a statute very similar to our § 25–321, the Supreme Court of that state has passed on the question in several cases, holding that an unqualified allowance of alimony in gross is not subject to modification under their statutes. Ziegenbein v. Damme, 138 Neb. 320, 292 N.W. 921; Schrader v. Schrader, 148 Neb. 162, 26 N.W.2d 617; Dunlap v. Dunlap, 145 Neb. 735, 18 N.W.2d 51.

In the case of Ziegenbein v. Damme, supra [138 Neb. 320, 292 N.W. 923], the Supreme Court of that state, in passing upon a decree granting the wife the total sum of $3,000, payable at the rate of $35 per month until said sum is paid in full, and which the lower court modified because of the wife's remarriage, stated in reversing the trial court:

> "Obviously, the purpose of both the court and the parties, in providing for or in accepting a gross allowance of alimony, is to define and fix with finality the scope of the rights and the obligations of the parties. In this case, it was designed to set the limits of the wife's right to alimony, and we have no doubt that the husband would have cushioned himself on the doctrine of vested rights, if the wife had attempted to institute proceedings to increase the amount. Without discussing the matter further, it is our view that an unqualified allowance in gross, in a divorce decree, whether payable im-

mediately in full or periodically in instalments, and whether intended solely as a property settlement or as an allowance for support, or both, is such a definite and final adjustment of mutual rights and obligations as to be capable of a present vesting and to constitute an absolute judgment, and the court cannot subsequently modify the amount thereof under section 42–324, Comp. St.Supp.1939.

" * * * We are living in an era of feminine equality, unhesitating separations, and rapid readjustments. In some of the situations which present themselves between husband and wife, it is unquestionably better for both parties that their rights and obligations be definitely fixed, so that the ties between them can be completely severed and they can face with certainty the measure of the final adjustment which they will be required to make. This can properly be done by a gross allowance of alimony. * * *"

■ We therefore hold the decree of divorce entered in this action defines and limits the rights of the parties with such completeness and finality as to be clearly capable of and intended as a present vesting of the award of the support and maintenance to petitioner's former wife, and cannot be modified under the provisions of § 25–321.

Alternative writ of prohibition made permanent.

UDALL, C. J., and WINDES, STRUCKMEYER and PHELPS, JJ., concur.