388 P.2d 433

Martin BARNETT, Appellant,

v.

June Anne BARNETT, Appellee.

No. 7176.

Supreme Court of Arizona,

In Division.

Jan. 22, 1964.

James E. Flynn, Phoenix, for appellant.

Lewis, Roca, Scoville, Beauchamp & Linton, Phoenix, for appellee.

STRUCKMEYER, Justice.

The parties hereto were divorced by decree of court on June 5, 1957. This appeal is from an order entered after the divorce denying the appellant's application to modify the decree. The portion of the decree sought to be modified provides:

"Awarding to the wife as permanent alimony the sum of $6,000 which together with arrearage of the $1,107.-42 and the $90 which should have been paid along with the $105 which should have been paid in connection with the Chevrolet, that is to say, the additional sum of $195, or a total sum of $7,302.42. Said sum of $7,-302.42 is directed to be paid to the wife by the husband through the Clerk of the Court at the rate of $85 per month on 1st day of each month, the first of said payments being due on May 1, 1957."

In April of 1960, appellee, the wife, applied for an order to show cause alleging, among other things, that appellant had stopped making payments under the order above quoted. The appellant answered urging that the court delete the alimony clause from the decree and cancel all requirements for payments of alimony from the

time of appellee's remarriage. At the hearing, it was stipulated that appellee had remarried in August, 1959, and that she was now being adequately supported by her present husband. The lower court ruled in favor of appellee that:

"There being a permanent and final award of $6,000, which award was not appealed and is final, the same is not subject to modification on the petition of the wife or on the petition of the husband, or by operation of law."

The principal issue presented by this appeal is whether the remarriage of a wife automatically terminates an obligation to pay permanent alimony. Appellant contends that the great weight of authority throughout the United States supports the principle that a subsequent remarriage automatically terminates a husband's decretal obligation to pay alimony to his former wife. See Annot., 48 A.L.R. 2d 270. Appellee does not quarrel with this general proposition. However, she contends that the lower court's decree was in effect a lump sum award which was due but not necessarily payable upon the entry of judgment. The decree deferring payment to future dates permitted appellant to pay in monthly installments a specific amount over a period of time until completely paid. This provision was of benefit to the appellant and did not change the nature of the award from that of a single lump sum payment. Where a lump sum payment is awarded, it constitutes an absolute judgment and cannot be subsequently modified. Cummings v. Lockwood, 84 Ariz. 335, 327 P.2d 1012. We held, quoting from Ziegenbein v. Damme, 138 Neb. 320, 292 N.W. 921, 923, on facts less conclusive than those presented in the instant case, that:

" 'Without discussing the matter further, it is our view that an unqualified allowance in gross, in a divorce decree, *whether payable immediately in full or periodically in instalments,* and whether intended solely as a property settlement or as an allowance for support, or both, is such a definite and final adjustment of mutual rights and obligations as to be capable *of a present vesting and to constitute an absolute judgment,* and the court cannot subsequently modify the amount thereof under section 42–324, Comp.St.Supp. 1939.' " 84 Ariz. 339, 340, 327 P.2d 1016. (Emphasis supplied)

Appellant urges that we overrule Cummings on the grounds that A.R.S. § 25–321 does not impliedly except alimony in gross from its operation. A like argument was there urged and rejected. We have re-examined the reasons which impelled us to the conclusions expressed and are satisfied that the results reached were correct and conclusive of the instant appeal.

A.R.S. § 25–321 relates to the power of the court from the time after entry of the final judgment to alter, amend or revise a decree. By A.R.S. § 25–319, the court may direct the husband to pay to the wife such amounts as are necessary for support and maintenance of the wife and may adjudge that the amount be paid in one sum or in installments. These two sections must be read together.

> "We hold that § 25–321, relating to the power of the court from the time after entry of final judgment to alter, amend or revise the decree, relating to alimony, should be construed *as impliedly excepting* from its operation in this respect the right of the court to alter, amend or revise a decree of divorce where an award has been made of gross alimony or alimony in one sum payable in installments. If § 25–321 is not so construed then § 25–319 does not mean anything when it provides that alimony may be in one sum." 84 Ariz. 338, 339, 327 P.2d 1015. (Emphasis supplied)

Appellant urges that the lower court erred by granting appellee attorney fees of $250.00 in event of an appeal from its order. A.R.S. § 25–315 permits allowance of attorney fees during pendency of a divorce action. The issue raised is whether the word "pendency" covers proceedings subsequent to the decree. It is argued that if the alimony was due at the time of judgment, notwithstanding that installment payments were permitted, the lower court's judgment was final and therefore no divorce action was pending sufficient to support an order for attorney fees. However, in our recent decision, Kingsbery v. Kingsbery, 93 Ariz. 217, 379 P.2d 893, where the question as to attorney fees on appeal was raised, we said:

> " * * * the provisions of Section 25–315 and Section 25–321, should be construed together to give effect and meaning to both. We hold that Section 25–321 extends the jurisdiction and gives the court power to determine the certain matters therein enumerated after judgment and as to those matters the action is still pending within the meaning of the provisions of both sections. Pendente lite orders still have their place in obtaining advance costs and fees, but the judgment plays its part in the determination of the matters involved and the inequities arising therefrom may be corrected in proceedings after judgment." 93 Ariz. 227, 379 P.2d 900.

When an issue develops after final judgment by reason of A.R.S. § 25–321 permitting the modification of a decree, the action for divorce is still pending by reason of the statutory authority to modify and A.R.S. § 25–315 permitting the court, in its discretion, to require the husband to pay attorney fees is applicable. Attorney fees for the wife in a divorce

**230**

action are within the sound discretion of the trial court. Spector v. Spector, 94 Ariz. 175, 382 P.2d 659.

Judgment affirmed.

UDALL, C. J., and BERNSTEIN, J., concur.