417 P.2d 563

**William D. BARTHOLOMEW, Petitioner,**

**v.**

**The SUPERIOR COURT of the State of Arizona, IN AND FOR the COUNTY OF PIMA, Honorable Lee Garrett, Presiding, Respondent,**

**and**

**Bernice B. Bartholomew, Real Party in Interest.**

**No. 2 CA–CIV 225.**

Court of Appeals of Arizona.

Aug. 10, 1966.

John Aboud, Tucson, for petitioner.

Eugene J. Lane, Tucson, for respondent.

MOLLOY, Judge.

Petitioner has applied to this Court to have the superior court prohibited from proceeding further on an order to show cause why the petitioner should not be held in contempt for failure to make alimony payments. The proceedings below in this action have been continued subject to call pending the outcome of the application to this Court for prohibitory relief.

On April 17, 1958, a decree of divorce was rendered, dissolving the bonds of matrimony entered on July 16, 1955, between the petitioner, William D. Bartholomew, and the respondent-wife, Bernice B. Bartholomew. The wife was granted all of the community property of the parties and the husband was required to make certain payments upon liens thereon. There were no children of the parties and hence no child support was ordered. An alimony award was made as follows:

"IT IS FURTHER ORDERED that defendant pay to the plaintiff as alimony the sum of $50.00 per month for a period of eighteen (18) months, said payments to begin on the first day of May, 1958, and thereafter, defendant shall be released from the payment of any further alimony."

On September 28, 1959, the petitioner-husband moved the superior court to modify the judgment of April 17, 1958. The motion for modification of judgment was accompanied by a stipulation between the parties and an affidavit of the petitioner-husband which stated in pertinent part as follows:

" * * * that he has been advised by his attorney, Donald W. Lynch, that his legal obligation to pay said alimony under said judgment ceases with the October 1, 1959 alimony payment in that all prior alimony payments under the judgment above indicated have been paid, but that due to the changed circumstances of the plaintiff, including health of plaintiff and ability of plaintiff to adequately support herself, lack of any income to plaintiff other than alimony from defendant, and being advised by his attorney, Donald W. Lynch, that various defenses could be interposed in favor of the defendant in the event plaintiff moved for increase in alimony payments or continuance of alimony payments beyond October 1, 1959, because of change in circumstances of the plaintiff; nevertheless, the defendant desires to effectuate, as the moving party, a modification of the judgment entered on April 17, 1958, and it is the express desire of the defendant, William D. Bartholomew, that the alimony provisions be stricken as they now read and that there be substituted a provision ordering the defendant to pay the plaintiff the sum of $150.00 per month as and for permanent alimony, * * *"

On September 29, 1959, modification of judgment was entered in conformity with the affidavit and stipulation. For six years the petitioner-husband made the payments required by the modified judgment, and then, in November, 1965, the petitioner moved the superior court to set aside the modification of judgment, on the grounds that it was void. Petitioner's motion was denied on December 13, 1965. On February 25, 1966, on motion of the respondent-wife, the superior court issued an order to show cause why the petitioner should not be held in contempt for failure to obey the modification judgment. On petition to this court we granted an alternative writ of prohibition May 17, 1966.

A.R.S. § 25–319 makes provision for alimony and support in divorce proceedings and specifically indicates that "[t]he court may adjudge that the amount be paid in one sum or in installments." A.R.S. § 25–321

provides for modification of judgment affecting alimony and support as follows:

"§ 25–321.  Modification of judgment affecting alimony, support or children

"The court may from time to time after entry of final judgment, on petition of either party, amend, revise and alter the portions of the decree which relate to payment of money for the support and maintenance of the wife or the expenses of the proceedings, as may be just, and may amend, change or alter any provision of the judgment respecting the care, custody or maintenance of the children of the parties as circumstances of the parents and welfare of the children require."

■ In Cummings v. Lockwood, 84 Ariz. 335, 327 P.2d 1012 (1958), the Supreme Court indicated that the two statutory provisions, A.R.S. §§ 25–319 and 25–321 are to be read together, that the award of a monthly sum of alimony for a limited number of months is in effect an award of alimony in a gross or lump sum, and that the modification provisions of A.R.S. § 25–321 are inapplicable to such alimony awards. The decision holds that it is beyond the jurisdiction of the court to modify such a provision in a divorce decree once the decree has become final.

In Barnett v. Barnett, 95 Ariz. 226, 388 P.2d 433 (1964), the Supreme Court declined to overrule the *Cummings* case stating that "[w]here a lump sum payment is awarded, it constitutes an absolute judgment and cannot be subsequently modified." 95 Ariz. at 228, 388 P.2d at 435.

It has been urged that the petitioner is estopped to deny the validity of the modification judgment. In Decker v. Hendricks, 97 Ariz. 36, 396 P.2d 609 (1964), our Supreme Court said:

"The three elements of estoppel are (1) affirmative acts inconsistent with a claim afterwards relied upon, (2) action by a party relying on such conduct and (3) injury to the party resulting from a repudiation of such conduct.  Holmes v. Graves, 83 Ariz. 174, 318 P.2d 354."

97 Ariz. at p. 40, 396 P.2d at p. 611.

■■ The following general statements serve to clarify the object and purpose of the doctrine of estoppel:

"The remedy of estoppel has for its purpose the promotion of the ends of justice, and the doctrine is grounded on equity and good conscience. It is based on the grounds of public policy and good faith, and is interposed to prevent injury, fraud, injustice, and inequitable consequences by denying to a person the right to repudiate his acts, admissions, or representations, when they have been relied on by persons to whom they were directed and whose conduct they were intended to and did influence. The vital principle of equitable estoppel is that a person who by his language or conduct leads another to do what he would not otherwise have done may not subject such person to loss or injury by disappointing the expectations on which he acted." 31 C.J.S. Estoppel § 63, pp. 392–394.

Restatement, Conflicts of Law (1948 Supplement), § 112, contains the following comment:

"Any person may be precluded from questioning the validity of a divorce decree if, under all the circumstances, his conduct has led to the obtaining of the divorce decree, or for any other reason has been such as to make it inequitable to permit him to deny the validity of the divorce decree."

The language of the Restatement has been quoted with approval by our Supreme Court in Brandt v. Brandt, 76 Ariz. 154, 261 P.2d 978 (1953). In the *Brandt* case, the Supreme Court observed that estoppel "can" be a defense to an action attacking the validity of a divorce decree, that estoppel is an equitable defense " * * * greatly within the sound discretion of the trial court," and that under circumstances there present the defense was inapplicable.

In Unruh v. Industrial Commission, 81 Ariz. 118, 301 P.2d 1029 (1956), the Supreme Court said:

"The doctrine of estoppel has often been applied to marital controversies in this state. (citations) * * * It precludes a party from asserting a right inconsistent with the position previously taken *to the prejudice of another acting in reliance thereon.*" (Emphasis added)

81 Ariz. at 120, 301 P.2d at 1031.

The respondent relies on Blair v. Blair, 48 Ariz. 501, 62 P.2d 1321 (1936) which contains the following statement:

"Now it is very generally held that where a party invokes the jurisdiction of a court in a matter within the scope of its general jurisdiction, he may not thereafter question the jurisdiction."

48 Ariz. 507, 62 P.2d 1324.

The facts in Blair present a classic case of the three elements of estoppel. There the wife relied upon a statement in the husband's divorce complaint that he was willing to pay $50.00 for the support of herself and three children. She failed to answer the complaint, and default judgment was granted the husband, with no provision being made for the custody of the children or for support payments. The wife moved to set aside the decree for excusable neglect and the husband attempted to question the jurisdiction of the court to order support for children who resided out of the state. The court held that he was estopped from so doing. The case is not in point here.

■ The sole claim of reliance and prejudice to the respondent-wife presented in the instant case is contained in the following excerpt from respondent-wife's affidavit filed below in support of her opposition to the petitioner's motion to set aside the modification of judgment:

"5. That as a result of the judgment being modified so that I was able to receive the sum of $150.00 per month permanent alimony from the defendant, I purchased a small home and have been making payments on this home from the money which I received from the defendant, William D. Bartholomew, as a result of the modified judgment. Had this judgment not been modified so that I could receive this monthly alimony, I would not have purchased this house, and would have made other arrangements for living quarters."

Counterbalanced against this position of the respondent-wife is the fact that for six years the petitioner supplied respondent-wife with $150.00 per month on the basis of a void decree of the court. Financially the respondent has been benefitted, not detrimented, by the conduct of the petitioner.

Respondent-wife insists, however, that the determination of this matter is to be guided by principles of "quasi estoppel" rather than the doctrine of estoppel as contemplated by the *Decker* decision. In support of this contention the respondent-wife has cited to this court authorities which, under varying circumstances, have precluded a party from asserting the invalidity of a court order or judgment when the three elements laid out in *Decker* are less than clear.

We briefly comment upon some of these decisions. In re Davis' Estate, 38 Cal. App.2d 579, 101 P.2d 761 (1940), held that an heir of a deceased who participated in a divorce and subsequently remarried was estopped to deny the validity of the divorce or the subsequent remarriage where the deceased would be estopped by inconsistent conduct " * * * to the injury of another." In Field v. Kincaid, 67 Colo. 20, 184 P. 832 (1919), the court found that parties who had submitted to an adjudication on water rights without questioning the court's jurisdiction, " * * * and having received the benefits of the decree * * *" were estopped to later claim lack of jurisdiction. And, in Hensgen v. Silberman, 87 Cal. App.2d 668, 197 P.2d 356 (C.A.Cal.1948), a wife who never questioned the validity of a Mexican mail-order divorce and who remarried twice thereafter was held to be es-

topped to deny the validity of the decree after the husband's death.

In each of these cases we see a common thread which is lacking here. In each the party held to be equitably blocked, or his predecessor in interest, had taken some advantage of the court proceedings which he was attempting to attack for lack of jurisdiction. Here we see no advantage of any sort taken by petitioner; he only incurred disadvantage by reason of the order in question.

In Unruh v. Industrial Commission, 81 Ariz. 118, 301 P.2d 1029 (1956), our Supreme Court commented upon this somewhat nebulous doctrine of quasi estoppel:

> "There are certain principles recognized which are somewhat analogous to estoppel and which are sometimes described as a quasi estoppel. *There the conscience of the court is repelled by the assertion of rights inconsistent with a litigant's past conduct.*" (Emphasis added)

81 Ariz. at 120, 301 P.2d at 1031.

The conscience of this court is not repelled by the desire of the petitioner to cease making what in effect are continuing monthly gifts. Under the circumstances, we do not believe it to be appropriate that the petitioner be subjected to contempt procedures for failure to continue these payments.

Alternative writ is hereby made permanent.

HATHAWAY, J., and ALICE TRUMAN, Superior Court Judge, concur.

NOTE: Judge HERBERT F. KRUCKER having requested that he be relieved from consideration of this matter, Judge ALICE TRUMAN was called to sit in his stead and participate in the determination of this decision.