495 P.2d 871

**Betty Jane BENNETT, Appellant,**

**v.**

**James H. BENNETT, Appellee.**

**No. 2 CA–CIV 1095.**

Court of Appeals of Arizona, Division 2.

April 14, 1972.

Paul G. Rees, Jr., Tucson, for appellant; Richard M. Davis, Tucson, of counsel.

Bilby, Thompson, Shoenhair & Warnock, by T. Scott Higgins and Clague A. Van Slyke, Tucson, for appellee.

HATHAWAY, Judge.

This appeal is from an order of the superior court dated June 8, 1971 dismissing a petition for support benefits on the basis that a prior modification of the divorce decree deprived the court of jurisdiction. Appellant contends that the trial court erred in holding that the prior judgment deprived the court of jurisdiction to modify the award of alimony.

The parties were granted a decree of divorce on January 18, 1963. In the divorce decree the property settlement agreement previously entered into between the parties was ratified, confirmed and approved by the court and made a part of the divorce decree. The property settlement agreement provided for alimony in the sum of $337.50 per month for a period of two years beginning January 1, 1963, and further provided that at the expiration of the two years, alimony was to be reduced to $1.00 per year which was to be subject to modification upon the wife's showing that she had become physically disabled.

In October 1967 appellant petitioned the court for an order requiring appellee to pay her $300 per month for a period of one year on the basis of changed circumstances; namely that separate living quarters were required for petitioner and the parties' minor child and that petitioner was attending college and required additional funds to support herself and the child. Appellee responded and alleged that petitioner did not qualify for an increase in alimony inasmuch as the reasons given in the petition did not come within the terms of the property settlement agreement.

After hearing, the trial court entered an opinion and order which included the following:

"It appears from the evidence and record that Defendant contemplated finishing her education through college and apparently felt that the alimony payments together with the lump sum settlement of $10,000.00 cash would be adequate for such purpose. However, Defendant did not apply her best efforts and pursue her education with much diligence. She appears to have 'lived up' her funds rather foolishly. Now she seeks the aid of this Court to amend the Decree to provide her sufficient funds to belatedly complete her education.

The evidence shows a need for at least part of the additional funds she seeks if she is to complete her education so that she can become self-sufficient. She seeks more than she is entitled to and more than she really 'needs' for such purpose.

In view of all the facts and circumstances of this case, which includes the fact Defendant is receiving the sum of $150.00 per month as and for child support, the sum of $225.00 per month for one year is adequate for Defendant's needs, to care for the child and to complete her education and become 'self-sufficient', if she will properly apply the funds, and her own efforts. Whether Defendant makes proper use of the funds and applies herself to complete her education and become self-sufficient will be up to her. In any event, both parties are entitled to have their rights and obligations with respect to each other firmly and finally fixed. In order to give Defendant a little added incentive to apply herself to her education, this Court is going to fix her 'right' to alimony once and for all.

\* \* \* \* \* \*

Therefore, it is ordered that the Decree heretofore entered herein is modified by deleting or striking therefrom (and which necessarily includes the agreement incorporated into the Decree) any and all provisions relating to any and all alimony or support and maintenance payments for Defendant, and substituting therefore the following:

Plaintiff shall pay to the Defendant the gross sum of $2,700.00 as and for any and all alimony or her support and maintenance. Said sum shall be payable in equal monthly installments of $225.00 each, commencing January 15, 1968, and continuing each calendar month thereafter on the 15th day, only until the full sum of $2,700.00 is paid."

Judgment was entered on the basis of the hearing and the foregoing opinion and provided:

"1. The Decree of Divorce dated January 18, 1963, filed January 18, 1963, in the above captioned matter, as to finding Number 4 and Paragraph Number 3 of the Judgment, which portion thereof adopts the Property and Settlement Agreement dated December 12, 1962, attached to said decree of divorce and incorporated by said reference as 'Exhibit A', which Property Settlement Agreement, in Paragraph 7 at page 4 thereof, provides for Husband to pay to Wife the sum of $337.50 per month as and for alimony, for two years beginning January 1, 1963, with reduction thereof to $1.00 per year thereafter, to be increased on certain conditions, is hereby modified and said Paragraph Seven of the Property Settlement Agreement, incorporated in the said Decree of Divorce,

is amended and superseded by this Judgment.

2. In lieu of the alimony or support and maintenance payments set forth in the said portion of the original Decree of Divorce, which are hereby deleted or struck therefrom, it is ordered that plaintiff shall pay to the defendant the gross sum of $2,700.00 as and for any alimony and for her support and maintenance. Said sum shall be payable in equal monthly installments of $225.00 each, commencing January 15, 1968, and continuing each calendar month thereafter on the first day thereof, until the full sum of $2,700.-00 is paid in full to defendant."

A.R.S. § 25–319, subsec. A (1956) authorizing the setting of support and maintenance provides in part:

"In the final judgment of divorce the court may, in addition to division of the common property of the parties or in lieu thereof, direct the husband to pay to the wife such amounts as are necessary for support and maintenance of the wife and minor children of the parties whose custody is awarded to the wife, as may be necessary or proper. The court may adjudge that the amount be paid in one sum or in installments."

As a basis for modifying the alimony award appellant relies on A.R.S. § 25–321 (1956) which provides:

"The court may from time to time after entry of final judgment, on petition of either party, amend, revise and alter the portions of the decree which relate to payment of money for the support and maintenance of the wife or the expenses of the proceedings, as may be just . . ."

Appellee points out that the latter statute is inoperable to modify a gross alimony award. In Cummings v. Lockwood, 84 Ariz. 335, 327 P.2d 1012 (1958) our supreme court held that such an award is not subject to modification. We deem is unnecessary to reiterate in further detail the pronouncements made therein. See Ziegenbein v. Damme, 138 Neb. 320, 292 N.W. 921 (1940), relied upon by our supreme court. *Cum-*

*mings* was reaffirmed in Barnett v. Barnett, 95 Ariz. 226, 388 P.2d 433 (1964).

The trial court in the case *sub judice* clearly manifested an intent to determine once and for all a final and specific total alimony award in 1967. Having foregone an appeal from that judgment, appellant's present attempt to modify the award is untimely. The trial court properly dismissed the petition and the order of dismissal is affirmed.

KRUCKER, C. J., and HOWARD, J., concur.