533 P.2d 684
**Lois M. LLOYD, Appellant,**

v.

**Lawrence P. LLOYD, Jr., Appellee.**

**No. I CA–CIV 2515.**

Court of Appeals of Arizona,
Division 1,
Department A.
April 8, 1975.

Jones, Brinig & Cooley by Ronald G. Cooley, Phoenix, for appellant.

Killian & Legg by M. Paul Fischer, Mesa, for appellee.

## OPINION

DONOFRIO, Judge.

A judgment and decree of divorce between the appellant and appellee was entered in the Maricopa County Superior Court on July 29, 1971. The instant case is an appeal from a subsequent judgment relieving the husband, Lawrence P. Lloyd, Jr. of any further obligation to make in-

stallment payments on an award to his former wife arising out of the original divorce decree. The judgment appealed from was entered on May 14, 1973, almost two years after the original divorce decree.

We are called upon to determine whether a final judgment of alimony in one lump sum payable in installments is prospective in application, such that it could be later modified by the court under Rule 60(c)(5), Rules of Civil Procedure, 16 A. R.S.

The original decree provided in paragraph 7 that the appellee:

"Lawrence P. Lloyd, Jr. pay to Lois M. Lloyd the sum of $6,000.00, payable in instalments of $100.00 or more each month beginning August 1, 1971 until paid, said support payments to be made through the Clerk of this Court;"

It is our opinion that a reasonable interpretation of this provision is that it is a lump sum obligation of Lawrence P. Lloyd, Jr. in the sum of $6,000 owed to Lois M. Lloyd, and it is *not* prospective in application. The provision that it could be paid in monthly installments does not alter our opinion. We do not doubt (as urged by appellant) that the judgment debt could have been paid off at any time by Mr. Lloyd and a satisfaction received from Mrs. Lloyd.

For Rule 60(c)(5) to be invoked to obtain relief from a final judgment, it must be shown that the judgment has prospective application. Rule 60(c)(5) states in part:

"60(c) Mistake; inadvertence; surprise, excusable neglect; newly discovered evidence; fraud; etc. On motion and upon such terms as are just the court may relieve a party or his legal representative from a final judgment, order or proceeding for the following reasons: . . . (5) . . . it is no longer equitable that the judgment should have prospective application."

In our opinion a money judgment for one lump sum, regardless of the method of payment, is a final judgment, not prospective in application. Therefore, in the instant case the proper method of attacking this lump sum alimony award (absent other facts) was by direct appeal, and the trial court lacked jurisdiction to make further modification. It has been held in Arizona that where a lump sum payment is awarded by divorce decree it constitutes an absolute judgment which cannot subsequently be modified, whether payable immediately in full or periodically in installments, and whether intended solely as property or as an allowance for support, or both. Barnett v. Barnett, 95 Ariz. 226, 388 P.2d 433 (1964). See also Cummings v. Lockwood, 84 Ariz. 335, 327 P.2d 1012 (1950); Bennett v. Bennett, 17 Ariz.App. 101, 495 P.2d 871 (1972).

It seems that the type of final judgment to which clause (5) of Rule 60(c) is most often applied is one providing for injunctive relief. Other types of final judgments may have a continuing effect and be subject to modification in their prospective application, such as continued enforcement of liens or a declaratory judgment directed to matters in the future. However, where the final judgment is an award of money Rule 60(c)(5) would not be applicable. See 14 A.L.R. Fed. 309; Ryan v. United States Lines Co., 303 F.2d 430 (CA2 N.Y. 1962).

We therefore hold that where a divorce decree awards one of the parties a lump sum, payable in installments, as here, and it is intended as a property settlement or as an allowance for support, or both, this portion of the decree is not subsequently modifiable through the application of Rule 60(c)(5), Rules of Civil Procedure, 16 A. R.S.

Reversed.

OGG, P. J., department A, and FROEB, J., concur.