562 P.2d 1077

William R. FYE, Sr., Appellant,

v.

Patricia ZIGOURES, Individually and as Administratrix and Personal Representative of the Estate of Mildred Fye, Deceased, Appellee.

Nos. 2 CA–CIV 2136 and 2 CA–CIV 2137.

Court of Appeals of Arizona,
Division 2.

Jan. 13, 1977.

Rehearing Denied Feb. 23, 1977.

Review Denied March 22, 1977.

Karman & Ishmael, P. C. by Howard H. Karman, Brown & Brown by Robert C. Brown, Casa Grande, for appellant.

Stanfield, McCarville, Coxon, Cole & Fitzgibbons by David A. Fitzgibbons, Jr., Casa Grande, Evans, Kitchell & Jenckes, P. C., Phoenix, for appellee.

## OPINION

HOWARD, Chief Judge.

This appeal involves two superior court actions which we ordered consolidated. Cause No. 2 CA–CIV 2136 is an appeal from the trial court's dismissal of a declaratory judgment action brought by the appellant seeking a declaration of the rights and obligations of the appellant and the appellee-administratrix under the terms and provisions of a decree of dissolution of marriage dated September 16, 1974 which incorporated the provisions of a separation agreement of the same date.

Cause No. 2 CA–CIV 2137 is an appeal from the trial court's denial of appellant's motion for an order pursuant to Rule 60(c)(5), Arizona Rules of Civil Procedure, 16 A.R.S., to relieve appellant from further payments for which he was obligated pursuant to the decree of dissolution of marriage.

The record shows that on March 2, 1973, the deceased, Mildred Fye, filed a complaint for divorce against appellant. While the matter was being prepared for trial the Arizona Legislature by virtue of Laws 1973, Ch. 139, Sec. 1, effective August 8, 1973, repealed the existing provisions of Title 25, Ch. 3, Arts. 2, 3, 4, 5 and 6, Arizona Statutes 1956, and enacted a new "no fault" divorce

law. On September 16, 1974, the parties appeared and announced ready for trial and stipulated to amend the caption of the pleadings to comply with the new Arizona law. The court granted a decree of dissolution of marriage, incorporating by reference the separation agreement which provided inter alia:

"That Respondent, or his estate, shall pay Petitioner through the Clerk of this Court the fixed sum of Twenty-Eight Thousand Eight Hundred (28,800.00) Dollars for her support and maintenance; said sum to be paid in monthly installments of Four Hundred ($400.00) Dollars commencing October 1, 1974, and on the first day of each and every month thereafter until the full sum of Twenty–Eight Thousand Eight Hundred ($28,800.00) Dollars is paid; said award of support and maintenance shall not be subject to modification, change or reduction in any way, and in the event Respondent fails to make three (3) consecutive payments when due, the Petitioner may, at her option, cause the entire unpaid balance to be accelerated and thereupon become immediately due and payable."

On October 1, 1974, appellant paid the first installment and on October 28, 1974, paid the installment which was due and payable on November 1, 1974. On October 31, 1974, Mildred Fye died.

In due course, appellee was appointed as personal representative of the estate of the deceased and made demand upon appellant for the payment of the monthly installments under the provisions of the dissolution decree. Appellant then filed a complaint in the superior court for a declaratory judgment and a permanent injunction. The trial court dismissed that action on the ground that the provisions of the declaratory judgment act could not be invoked in interpret or construe the provisions of a valid and final judgment of a court of record.

While the appeal time was running following a motion for a new trial in the declaratory judgment action, appellant filed a Rule 60(c) motion for an order relieving him of the obligation to pay further support and maintenance under the decree of dissolution of marriage. The trial court denied both the motion for a new trial in the declaratory judgment action and the Rule 60(c) motion for relief.

On appeal, appellant contends that the court erroneously dismissed the declaratory judgment action and erroneously denied his motion under Rule 60(c)(5). As to the merits of the case, appellant contends the support and maintenance provisions of the decree have been discharged under A.R.S. § 25–327(B) by the death of Mildred Fye. In light of our resolution of the substantive issue, we hold that the trial court erred in denying appellant's motion under Rule 60(c)(5). We therefore need not decide whether appellant had stated a valid claim for declaratory relief.

The basic question raised by this appeal is whether the new laws governing the dissolution of marriage have affected the rule in Arizona which prohibits courts from modifying lump sum alimony awards.

Prior to 1973 the law was clear that lump sum alimony awards could not subsequently be modified, whether payable immediately in full or periodically in installments, and whether intended solely as property or as an allowance for support, or both. *Cummings v. Lockwood,* 84 Ariz. 335, 327 P.2d 1012 (1958); *Barnett v. Barnett,* 95 Ariz. 226, 388 P.2d 433 (1964); *Bennett v. Bennett,* 17 Ariz.App. 101, 495 P.2d 871 (1972); *Lloyd v. Lloyd,* 23 Ariz.App. 376, 533 P.2d 684 (1975).[1]

The seminal Arizona case on this subject is *Cummings v. Lockwood,* supra. There the divorce decree ordered the husband to pay the wife the sum of $75 per month for a period of only six months. Two days before the final payment was due the wife filed a petition to modify the decree to

---

1. The judgment in *Lloyd,* supra, was entered prior to the enactment of the new divorce laws in 1973.

require the husband to pay her $150 per month on the ground that she had been seriously injured and required an operation on her foot. The trial court entered an order of modification requiring the husband to pay his former wife the sum of $100 per month until further order of the court. The Arizona Supreme Court reversed. It first looked to A.R.S. § 25–319 which then stated that the court could adjudge that the amounts to be paid for support and maintenance be paid in one sum or by installments. A.R.S. § 25–321 provided that the court could from time to time after entry of final judgment alter, revise or amend the decree relating to alimony. The court determined that the award before them was in effect a lump sum payable in installments. Noting that the purpose of an award of alimony in gross is to define and to fix with finality the scope of the parties' rights and obligations, the court reasoned that if A.R.S. § 25–321 were read as allowing the modification of such awards, then lump sum payments would have no purpose. The court therefore construed A.R.S. § 25–321 as impliedly excepting from its operation the right of the court to alter, amend or review the decree of divorce when an award has been made of gross alimony or alimony in one sum payable in installments.

The decision of *Cummings v. Lockwood,* supra, was reaffirmed in *Barnett v. Barnett,* supra, and followed in *Lloyd v. Lloyd,* supra. *Lloyd* involved an appeal from a judgment relieving the husband of further obligation under a divorce decree to make installment payments on an award to his former wife. Division One of this court held that a lump sum alimony award, whether "intended as a property settlement or as an allowance for support, or both", could not subsequently be modified under Rule 60(c)(5) because the judgment was final and was not prospective in application. The court, however, did not decide that the installment payments were not for future maintenance and support.

The statutes that were apposite in *Cummings, Barnett* and *Lloyd* have been repealed. A.R.S. § 25–319(B) now provides:

"The maintenance order shall be in such amounts and for such periods of time as the court deems just . . . .."

Although the new statute does not specifically give the court the right to grant alimony in gross or in a lump sum payment, the foregoing section clearly allows it to do so. The legislature, however, also added A.R.S. § 25–327(B), added Laws 1973, Ch. 139, § 2 which is the focus of this appeal. It states:

"Unless otherwise agreed in writing or expressly provided in the decree, the obligation to pay *future maintenance* is terminated upon the death of either party or the remarriage of the party receiving maintenance." (Emphasis added)

We are thus called upon to determine whether A.R.S. § 25–327(B) has changed the law expressed in *Cummings, Barnett* and *Lloyd.* We conclude that it has. An award of maintenance under the new dissolution of marriage laws may be made only upon a finding that the spouse seeking maintenance lacks sufficient property to provide for his or her reasonable needs and is unable to support himself or herself through appropriate employment or is the custodian of a child who requires his or her presence at home. A.R.S. § 25–319. The new law thus reinforces the idea that maintenance has for its sole object the provision of food, clothing, habitation and other necessities for support. Cf. *Stone v. Stidham,* 96 Ariz. 235, 393 P.2d 923 (1964). A.R.S. § 25–327(B) carries out this concept by expressing the clear intent that when support needs cease by virtue of death or remarriage, the obligation to support should also cease.

We find that A.R.S. § 25–327(B) was intended to apply to all "future maintenance" whether periodic or lump sum. This interpretation does not frustrate the policy and purpose behind a lump sum award of maintenance since it does not greatly disturb the finality of the award. The scope of the rights and obligations of the parties remain defined and fixed—either by statute or by the parties themselves who may pro-

vide for the payment to continue if that is what they intend.

The order denying relief is reversed and the trial court is ordered to enter an order relieving appellant from the obligation to make any further payments.

HATHAWAY and SCHROEDER, JJ., concur.