594 P.2d 1032

Tom RALEY, Petitioner/Appellee,

v.

Sarah Ellen WILBER, fka Sarah Raley, Respondent/Appellant.

No. 2 CA–CIV 3115.

Court of Appeals of Arizona, Division 2.

April 13, 1979.

John William Lovell, Tucson, for petitioner-appellee.

Thikoll, Johnston & Rosen by Jim L. Johnston, Tucson, Kenet E. Chareau, P. C. by Kenet E. Chareau, Sierra Vista, for respondent-appellant.

## OPINION

HATHAWAY, Judge.

This is an appeal from a judgment terminating the support provisions of a property settlement agreement, which was incorporated into the dissolution decree, and denying appellant's attorneys' fees. We affirm.

The support provisions of the agreement provide:

"6. Husband agrees to pay Wife, for her support, the sum of Four Hundred And No/100 Dollars ($400.00) per month, beginning on August 15, 1975, for four (4) years only. Thereafter, Wife shall be entitled to no further payments from Husband for her support.

7. The parties agree that if either party dies or if Wife remarries prior to the expiration of the four (4) year period, Wife shall be entitled to no further support from Husband."

The trial court found that the changed economic circumstances of the parties justi-

fied termination of support. Appellant concedes the changed circumstances but contends that this support provision is in principle non-modifiable for changed circumstances because it is a lump sum alimony payment as defined in *Cummings v. Lockwood,* 84 Ariz. 335, 327 P.2d 1012 (1958). Prior to 1973, when statutory changes affecting the non-modifiability rule became effective, the award of a monthly sum of alimony for a fixed period was a lump sum payment, *Bartholomew v. Superior Court,* 4 Ariz.App. 50, 417 P.2d 563 (1966), unless the award was restricted by any condition limiting the right to the full amount of alimony. *Hayne v. Hayne,* 9 Ariz.App. 99, 449 P.2d 633 (1969) (not lump sum payment when award conditioned on changed economic circumstances or remarriage); *Porreca v. Porreca,* 8 Ariz.App. 394, 446 P.2d 500 (1968) (not lump sum payment when award conditioned on remarriage). Because paragraph 7 of the agreement conditions the award, under pre-1973 case law, it is not a lump sum payment.

In *Fye v. Zigoures,* 114 Ariz. 579, 562 P.2d 1077 (App.1977), we held that A.R.S. § 25–327(B), effective 1973, applies to all alimony awards, including those that would have been lump sum payments prior to 1973. The statute provides:

> "Unless otherwise agreed in writing or expressly provided in the decree, the obligation to pay future maintenance is terminated upon the death of either party or the remarriage of the party receiving maintenance."

Appellant argues that since A.R.S. § 25–327(B) conditions all support awards absent a contrary intent, voluntary inclusion of the same condition that is otherwise imposed by statute should not preclude classification of the award as a lump sum payment. Because A.R.S. § 25–327(B) is consistent with the pre-1973 case law requiring a lump sum payment to be unconditional, we reject appellant's argument.

■ Under A.R.S. § 25–327(B), parties to a property settlement agreement may expressly provide that it is non-modifiable in the event of death or remarriage. The

agreement is unconditional if, but only if, they so provide. Therefore, a post-1973 agreement must expressly exclude modification in the event of death or remarriage to constitute a lump sum payment non-modifiable for changed circumstances.

Dictum in *Lindsay v. Lindsay,* 115 Ariz. 322, 565 P.2d 199 (App.1977), conflicts with this conclusion. In *Lindsay,* to reach the issue of whether the non-modifiable award in that case was an abuse of discretion, the court assumed that a monthly award of alimony for a fixed term without any provision for death or remarriage was a lump sum payment. The interpretation of A.R.S. § 25–327(B) we adopt in no way impairs the *Lindsay* analysis of when it is an abuse of discretion to render a non-modifiable award. We disagree, however, that a post-1973 agreement that is silent as to the effect of death or remarriage is a lump sum payment.

■ In summary, we hold that the pre-1973 cases defining a lump sum alimony award apply to post-1973 agreements. Prior to 1973, an award conformed to this definition only if it was silent as to all contingencies, *Hayne v. Hayne,* supra; *Porreca v. Porreca,* supra. After 1973, because A.R.S. § 25–327(B) implies modifiability for death or remarriage absent a contrary intent, a provision for spousal maintenance conforms to this definition only if it affirmatively negates modifiability for death or remarriage. Because the support provision in this case fails to affirmatively do so, it is not a lump sum payment. It therefore is in principal modifiable for changed circumstances.

■ Allowance of attorneys' fees under A.R.S. § 25–324 is within the discretion of the trial court. *Burkhardt v. Burkhardt,* 109 Ariz. 419, 510 P.2d 735 (1973). We find no abuse of discretion in the denial of appellant's attorneys' fees.

RICHMOND, C. J., and HOWARD, J., concur.