

Carmichael, McClue & Powell, P.C. by Sid A. Horwitz and Claudia J. Kroman, Phoenix, for petitioner/appellant.

Meyer, Vucichevich & Cimala, P.C. by Shari I. Howard, Phoenix, for respondent/appellee.

708 P.2d 1323

**In re the Marriage of Ray DOOLEY, Petitioner/Appellant,**

v.

**Mary DOOLEY, Respondent/Appellee.**

**No. 1 CA–CIV 7554.**

Court of Appeals of Arizona, Division 1.

July 9, 1985.

## OPINION

LIVERMORE, Judge.

The parties were divorced in 1980. The property settlement agreement, incorporated in the dissolution decree, provided that the husband would pay the wife $1600 per month for eleven years as support and maintenance. The agreement further provided that this provision "under no circumstances whatsoever ... shall be subject to modification by either party...." In 1983 the husband petitioned for modification of this provision claiming changed economic circumstances. He appeals from the dismissal of this petition.

*Cummings v. Lockwood,* 84 Ariz. 335, 327 P.2d 1012 (1958), held that a fixed amount of spousal maintenance (or alimony as it was then termed) payable in installments was not subject to modification. The reason for this ruling was contained in the language of a Nebraska case quoted with approval by the court:

"Without discussing the matter further, it is our view that an unqualified allow-

ance in gross, in a divorce decree, whether payable immediately in full or periodically in instalments, and whether intended solely as a property settlement or as an allowance for support, or both, is such a definite and final adjustment of mutual rights and obligations as to be capable of a present vesting and to constitute an absolute judgment, and the court cannot subsequently modify the amount thereof. . . .

In some of the situations which present themselves between husband and wife, it is unquestionably better for both parties that their rights and obligations be definitely fixed, so that the ties between them can be completely severed and they can face with certainty the measure of the final adjustment which they will be required to make. . . ." *Id.* at 339–340, 327 P.2d at 1016–17 (quoting *Ziegenbein v. Damme*, 138 Neb. 320, 292 N.W. 921, 923 (1940) )

Notwithstanding the strength of this policy, the husband contends that the *Cummings* rule was repealed by the 1973 amendments concerning dissolution of marriage. He points to no legislative history evincing an intention to overturn *Cummings*. Neither the requirement in A.R.S. § 25–319 that maintenance be premised on spousal need nor the authorization in A.R.S. § 25–317 to modify on a showing of changed circumstances can be found by implication to accomplish this because analogous provisions existed at the time *Cummings* was decided. And the provision in A.R.S. § 25–327 allowing the parties to agree that spousal maintenance payment will continue after death or remarriage can be read as supporting the continued vitality of *Cummings* because if such payments terminate on those contingencies they are not treated as fixed sum awards and thus have always been subject to modification. By allowing the parties to provide for fixed sum awards payable in certain installments regardless of these contingencies the legislature has expressly allowed the form of

agreement approved in *Cummings*. By way of dictum, this same conclusion was reached in *Raley v. Wilber*, 122 Ariz. 336, 594 P.2d 1032 (App.1979); *Lindsay v. Lindsay*, 115 Ariz. 322, 565 P.2d 199 (App. 1977), and *Fye v. Zigoures*, 114 Ariz. 579, 562 P.2d 1077 (App.1977).

Appellant also contends that *Cummings* is inconsistent with *Simpson v. Superior Court*, 87 Ariz. 350, 351 P.2d 179 (1960), and *Mori v. Mori*, 124 Ariz. 193, 603 P.2d 85 (1979). He misreads those cases. *Simpson* held that the parties by agreement could not limit the jurisdiction of the court to modify support provisions designed to last for the life of the wife. Because such support is obviously not a fixed sum award, that ruling has no application to the present case. *Mori* held that it was an abuse of discretion to award spousal maintenance of only a year to a wife who had been out of the job market for twenty-five years without reserving jurisdiction to modify. That case in fact presupposes that *Cummings* remains good law. It is only because the fixed sum award would divest the court of modification jurisdiction that the failure to reserve such jurisdiction was an abuse of discretion.

The order appealed from is affirmed.

BIRDSALL, P.J., and FERNANDEZ, J., concur.

NOTE: This cause was decided by the Judges of Division Two as authorized by A.R.S. § 12–120(E).