447 P.2d 237

Florence RUPPEL, Appellant,

v.

Clyde A. RUPPEL, Appellee.

No. 8566.

Supreme Court of Arizona.

In Division.

Nov. 13, 1968.

Riggs, Brown & Keil, by I. Sylvan Brown, Phoenix, for appellant.

Dwight L. Solomon, Phoenix, for appellee.

McFARLAND, Chief Justice:

Florence Ruppel, hereinafter referred to as plaintiff, and Clyde Ruppel, hereinafter referred to as defendant, were married on January 21, 1955.

Plaintiff was awarded an absolute decree of divorce from defendant on September 12, 1963. The decree incorporated a property settlement agreement entered into between plaintiff and defendant. The agreement provided that defendant shall pay to plaintiff $275 per month for the support of the parties' minor child, Rosemary Ruppel, until she reaches the age of maturity.

On January 13, 1964, defendant applied for an Order to Show Cause why the order of the court of September 12, 1963, should not be amended to the sum of $100

per month. On January 21, 1964, after hearings on defendant's Order to Show Cause, proceedings were ordered continued, and monthly support payments were ordered reduced from $275 to $200 in the interim. Two further continuances were ordered, and, finally, on July 6, 1964, acting under authority of statute, A.R.S. § 25–321, the court ordered the support payments reduced to $100 per month. Plaintiff appeals from that order.

The order of the court read, in part:

"The plaintiff received a major portion of the assets. The child is yet young. There has been a change in the defendant's circumstances.

"IT IS ORDERED effective the payment due July 1, 1964, amending the decree by reducing the monthly child support to the sum of $100 per month."

Plaintiff contends for her appeal that there was not a change sufficiently substantial to warrant a reduction, and that the trial court's reduction of payments for support of the minor child, based only on a slight change in defendant's salary, constitutes an abuse of the trial court's discretion; she further contends that the court should not have considered the distribution of assets made in the original decree.

A.R.S. § 25–321 sets forth the conditions under which a change in the amount of payment for care, custody, or maintenance of children may be made:

"The court may from time to time after entry of final judgment, on petition of either party, amend, revise and alter the portions of the decree which relate to payment of money for the support and maintenance of the wife or the expenses of the proceedings, as may be just, and may amend, change or alter any provision of the judgment respecting the care, custody or maintenance of the children of the parties as circumstances of the parents and welfare of the children require."

The trial court, at the hearings, found that the amount necessary to support the child added up to $296 per month; the evidence was therefore ample to justify the previous finding of the court that the support payments should be $275 per month. The court temporarily reduced the payments to $200 per month at the January 21, 1966, hearing because defendant was out of employment at the time; the court stated:

"Tomorrow he might get a job that would thoroughly justify the $275 per month."

The only justification found by the court for any reduction in payments whatever was the circumstance of the father. The question then is whether, at the time of the order reducing the support payments to $100 per month, there was a difference in the income of defendant which would justify such a reduction.

At the time of the decree, defendant was earning $13,000 per year. He had worked for twenty-three years, and was working for, at the time of the decree, Bechtol Company. His employment with Bechtol was terminated on November 8, 1963—about two months after the entry of the decree of divorce.

The record indicates that the employment arrangement defendant had with Bechtol was such that for each separate project defendant was hired at the commencement of work on the project and his employment was terminated upon completion of the project; but for twenty-three years the lag between projects had never exceeded fifty-four days. The notice of termination given defendant by Bechtol on November 8, 1963, set forth as a reason: "Temporary lack of work for which employee is qualified." Defendant testified that he kept in contact with Bechtol until, finally, one of the supervisors told him to seek other employment.

At the time of the order reducing payments to $100 per month, from which plaintiff appeals, defendant was employed by a company in Illinois, and was earning $900 per month. That was approximately $183 per month less than he was earning at the time of the divorce decree. The question before this Court is: Is the reduction in salary a sufficient change to justify a

reduction in payments of child support of $175 per month?

 A reduction in salary does not necessarily justify a reduction in an award of support payments. In Gavel v. Gavel, 123 Cal.App. 589, 11 P.2d 654, the court's reduction in payments based on a decrease in the father's income was denied on findings that the father was able to continue the provided support payments—whether *by reducing his own expenses or otherwise.*

The minor daughter need not suffer the full effect of a reduction in salary of the father. If his earnings decrease, adjustments must be made with his expenditures as well. All of the circumstances must be taken into consideration in determining the reasonableness of an award for support, including financial and other circumstances of the parties. Norton v. Norton, 101 Ariz. 444, 420 P.2d 578.

> "Notwithstanding the showing that the father's income had decreased since the entry of a decree for child support, the application for a reduction in support payments has generally been held not sustainable where it appeared that the father was able to continue the payments as originally or previously provided, *whether by reducing his expenses or otherwise* * * *" [Emphasis added.] Annot., 89 A.L.R.2d 7, at p. 42

In Ward v. Ward, 88 Ariz. 130, 135, 353 P.2d 895, 898, we held:

> "* * * The change of circumstances rule as a limitation on modification of a divorce decree is one aspect of the principle of res judicata. [Cases cited.] The court, in issuing the original decree, found that the arrangement, therein set out was for the best interests of the child. No appeal having been taken, this decision became final, *upon the facts then before the court,* and no alteration will be made without a showing that the factual situation has changed to such an extent that the original decree can no longer reasonably be expected to serve the purpose. * * *"

The reduction from $275 per month to $100 per month is in effect charging *all* of defendant's reduced income to the child. Certainly defendant should find ways and means of cutting down his own expenses so that his minor child would not have to suffer all of the decrease in his income. If that were the sole basis of a reduction, had his income been $100 a month less, his minor child would not receive anything. We therefore hold that the reduction as made by the court was not justified by the evidence.

The order of the trial court modifying the decree is reversed. The cause is hereby remanded for further proceedings not inconsistent with this decision.

STRUCKMEYER and LOCKWOOD, JJ., concur.