449 P.2d 633

Orlando V. HAYNE, Appellant,

v.

Luella R. HAYNE, Appellee.

No. 2 CA–CIV 568.

Court of Appeals of Arizona.

Jan. 21, 1969.

Rehearing Denied Feb. 20, 1969.

Review Denied March 18, 1969.

Moore, Vlahovich & Greenwood, by Dushan Vlahovich, Bisbee, for appellant.

Riley & Slaughter, by Richard J. Riley, Bisbee, for appellee.

MOLLOY, Chief Judge.

In this appeal, the husband questions the amount of alimony awarded to his wife in a divorce decree.

Though the final decree in this action made distribution between the spouses of various items of property acquired during the marriage, the only part of the judgment as to which an appeal was taken is that awarding to the wife:

" * * * the sum of $100.00 per month for her care, support and maintenance, as alimony, for a period of two years, beginning January 1, 1968, and continuing on the 1st day of each month thereafter; such payment shall be reduced January 1, 1970, to the sum of $75.00 per month and shall continue thereafter until such time as LUELLA R. HAYNE obtains gainful employment, realizing therefrom any sum in excess of $125.00 per month, until she remarries, or until she becomes eligible for Social Security Benefits, whichever is sooner."

The first attack made upon this order is that it does not specify that it is subject to modification by the court for changing circumstances as permitted by A. R.S. § 25–321. The appellee-wife concedes that this order is subject to modification under this statute and we believe this to be the law even without this concession. By expressing the conditions subsequent, which are to terminate the payment of alimony, there is no implication foreclosing modification. Spector v. Spector, 94 Ariz. 175, 181, 382 P.2d 659, 663 (1963).

The final attack upon this award is that, under the circumstances, it was an abuse of discretion to award alimony. The appellant-husband marshals various "facts" in imposing array in attempting to demonstrate that this award of alimony was unjustified. Among the assertions are that this was the fourth marriage for the wife, the marriage lasted only five years, there were no offspring of the marriage, the wife received the "lion's share" of the community property, the husband was 64 years of age at the time of the divorce and the wife was 52, the wife brought no property into the marriage and had no earnings during the marriage, the husband was saddled with the payment of all community debts totaling over $5,000, and the husband was left only with a retirement income of $551.88, acquired largely through years of work prior to the marriage, with monthly expenses of $541.12, not including the alimony ordered.

On appeal, we are required to look at the record favorably to the judgment rendered. State Land Department v. Painted Desert Park, Inc., 102 Ariz. 272, 428 P.2d 424 (1967). We allow a fact finder to discount testimony of an interested witness though unimpeached. Graham v. Vegetable Oil Products Company, 1 Ariz.App. 237, 241, 401 P.2d 242, 246 (1965), and cases cited therein. Under these tests, we do not find that there was a disproportionate division of the property acquired during marriage.

Shares in a mutual fund owned by the parties in joint tenancy were ordered sold, with the proceeds to be first used to pay several past due monthly payments on the mortgage on the parties' home and the balance to be distributed equally between husband and wife. In addition to this amount of approximately $500, the only property awarded to the wife in the decree was the home of the parties in Sierra Vista, Arizona, some household furniture therein, a 1964 Rambler Station Wagon and two pedigreed dogs. The house went to the wife encumbered by a mortgage of such substance that, in the inventory filed by the husband in this action, he allocated an equity value of only $1,356.50 to the house. The Rambler Station Wagon was indicated by the husband as having a value of $1,295. The value placed by the husband on the two dogs was $100.

As opposed to these awards to the wife, the husband received, clear of encumbrance, four lots in Arizona Sunsites, in Cochise County, upon which the husband placed a value of $1,980. The wife testified that these lots were " * * * improving greatly" in value and that they were worth " * * * almost twice * * *" their purchase price. In addition to these lots, the husband received a long list of personal property, the major item of which was a 1966 GMC three-quarter ton pickup truck and camper. According to the husband's inventory, this truck was encumbered by loan balances in excess of its value, so that he listed it as being "no equity" property. Of the community indebtedness that the husband was ordered to pay, the major portion of it consists of the encumbrance upon this truck and camper.

The evidence would support a finding that the husband was in much better health than the wife and more able to become gainfully employed. If the number of previous marriages is pertinent, the husband is only one behind the wife. The wife was awarded this divorce upon a charge of cruel treatment. The monthly expenses claimed by the husband, in the sum of

$541.12, include monthly payments of $112 on the mortgage on the home, to be paid after the divorce by the wife. These expenses also include monthly payments on all of the indebtedness to be paid by the husband, and seemingly adequate allowances for his groceries, rent, insurance, laundry, et cetera. There is no question but what the wife, if unemployed, would need the alimony awarded for her living expenses.

The awarding of alimony is a matter necessarily residing to a considerable extent in the discretion of the trial court. Nace v. Nace, 104 Ariz. 20, 448 P.2d 76 (1968); Warren v. Warren, 2 Ariz.App. 206, 407 P.2d 395 (1965), and cases cited therein. We see no abuse of that discretion here.

Judgment affirmed.

HATHAWAY and KRUCKER, JJ., concur.