494 P.2d 730

Zora Van Meter SHAFFER, Appellant,

v.

George David SHAFFER, Appellee.

No. 2 CA–CIV 1075.

Court of Appeals of Arizona, Division 2.

March 16, 1972.

.Lillian S. Fisher, Tucson, for appellant.

.Robert D. Stauffer, Tucson, for appellee.

HOWARD, Judge.

This is an appeal from an order of the Superior Court of Pima County granting the petition of the husband to reduce alimony payments from $200 to $100 a month for a period of one year and then to eliminate alimony entirely.

' The parties to this action were married in December, 1945, in Springfield, Missouri. On January 9, 1968, the husband filed a complaint for divorce against the wife. Following entry of default, judgment was entered on February 2, 1968, granting the husband a decree of divorce and incorporating into the decree a "Property Settlement Agreement" signed by the husband on January 10, 1968, and by the wife on January 18, 1968. Among other things the agreement provided that "Husband agrees to pay to Wife the sum of $200.00 each month as and for her future support and alimony . . . until Wife dies, remarries, or until further order of Court."

On December 10, 1970, the husband petitioned the court to modify the decree of February 2, 1968, by eliminating that portion of the agreement which required him to pay to the wife the sum of $200 per month alimony. The husband, in his petition, alleged a decrease in his salary coupled with an increase in the wife's earnings as a change in circumstances warranting discontinuance of alimony. A hearing on the petition was held on March 31, 1971, and on July 26, 1971, a judgment was entered modifying the decree by reducing the alimony from $200 monthly to $100 monthly for a period of one year, commencing May 1, 1971, and eliminating alimony completely as of May 1, 1972. The wife appeals contending that it was an abuse of discretion by the trial court to reduce and eliminate alimony and a further abuse to deny her cross-petition to have alimony increased.

The testimony elicited at the hearing reveals that at the time of the divorce the husband's income was approximately $18,000.00, almost $7,000.00 of which constituted military retirement pay. The wife had begun working a few months before the divorce and, while it was never determined whether she went from a 30 hour week to a 40 hour week before or after the agreement was signed, it was shown that she was then being paid at the rate of $1.50 per hour. This would have put her yearly earnings between $2,340 and $3,120. Since the divorce the wife's hourly wage has increased to $1.95 per hour, increasing her present annual earnings to $4,056. The husband's yearly income increased to approximately $19,500 for the year 1970, but he testified that because of the shortage of overtime work available at the time of the hearing he expected that his gross income would be reduced by about $4,000 for the year 1971. The husband further testified that he has since remarried, that the younger of the parties' two daughters, the older of which is now emancipated, expects to enter college soon and that he is now 61 years old and expects to retire at age 65. The wife testified that her present standard of living, while not as high as when the parties were married, was acceptable but that to maintain it at its present level she must use money she received from the sale of the parties' home, $5,662.70, to the

extent that the money has now been reduced to about $1,200.

Each party filed an affidavit setting forth present living expenses. These affidavits indicate that the wife's annual expenses are approximately $6,100 and the husband's including alimony payments, approximately $10,500. The wife's net income for 1970, excluding alimony, was about $3,400 and the husband's $15,500.

■ It is of course true that a divorce decree awarding alimony is subject to future modification upon a showing of a change in circumstances. Hayne v. Hayne, 9 Ariz.App. 99, 449 P.2d 633 (1969). Furthermore, in determining what amount should be awarded as alimony the trial court has broad discretion, Kennedy v. Kennedy, 93 Ariz. 252, 379 P.2d 966 (1963), and where there is reasonable evidence to support the judgment of the trial court, we will not disturb it. Smith v. Smith, 89 Ariz. 84, 358 P.2d 183 (1960). However, the trial court, in the exercise of its discretion, must do so within certain guidelines, and in making or modifying an award of alimony there are three broad and basic criteria to be considered: First, the financial needs of the wife, measured by the social position into which her marriage placed her; second, the ability of the wife to produce income sufficient to sustain her in this status; and third, the financial condition of the husband and his ability to make payments for the support and maintenance of his former wife. Kennedy v. Kennedy, supra.

We find the facts herein to be similar to those in Norton v. Norton, 101 Ariz. 444, 420 P.2d 578 (1966), where the court stated:

". . . it is apparent that the order of the court entirely eliminating an award of alimony would have been arbitrary and an abuse of discretion against plaintiff [wife] who had, after twenty years of married life, improved her position as a useful member of society and was entitled thereby not merely to exist on a marginal standard of living, but on a standard in accordance with the factors as set forth herein, including defendant's ability to pay, the social standing in life, and the standard of living of the parties at the time of the decree . . . ." 101 Ariz. at 447, 420 P.2d at 581.

■ Despite the husband's testimony to the effect that he anticipated a reduction in income of almost $4,000, we do not believe that the evidence, as set forth above, justifies a reduction of the wife's alimony. Furthermore, we believe that the emancipation of one daughter since the divorce more than offsets the mere possibility of added expense for the second daughter's education. Here, even when taking into consideration the anticipated loss of income by the husband, the wife would be left with annual expenses of over $6,000 and gross income of only $4,000, while the husband would be left with expenses of about $8,000 and a gross income of about $16,000.

We therefore hold that the order of the trial court reducing and eliminating the award of alimony to the wife was a manifest abuse of discretion.

■ Appellant further contends that it was an abuse of discretion to disallow her an increase in alimony because of the showing that she cannot maintain her standard of living on her income alone. This does not, however, appear to be a change in circumstances but rather one which has been present continuously since the divorce. In light of the husband's present financial condition we cannot say that the refusal to grant the wife additional alimony constituted an abuse of discretion.

■ Finally, appellant contends that, in view of the difference in the incomes of the parties and by reason of the fact that it was the husband who brought this action the trial court should have awarded her reasonable attorney's fees. In light of our determination of this matter we must agree

and direct the trial court, on remand, to grant the wife reasonable attorney's fees for defending this action.

Reversed and remanded.

KRUCKER, C. J., and HATHAWAY, J., concur.