511 P.2d 678

**Laverne Rose HAMANN, Appellant,**

**v.**

**Kenneth Paul HAMANN, Appellee.**

**No. 2 CA-CIV 1396.**

Court of Appeals of Arizona, Division 2.

July 16, 1973.

Rehearing Denied Aug. 21, 1973.

Review Denied Oct. 2, 1973.

Lillian S. Fisher, Tucson, for appellant.

Bernard Weinstein, Tucson, for appellee.

HATHAWAY, Chief Judge.

Appellant, Laverne Rose Hamann, obtained a divorce from appellee, Kenneth Paul Hamann, in October of 1971. Appellant was awarded custody of the parties' only child, a minor, and appellee was required to pay $100 per month child support. The decree also required appellee to pay $75 per month alimony for 17 months and $100 per month thereafter.

Appellee was delinquent on support and alimony payments in July, 1972, and made no payment in August or September. Consequently, a petition for order to show cause was filed by appellant in an effort to collect the arrearage and attorney's fees. Appellee responded and petitioned to reduce his obligation to pay child support and alimony alleging (a) decreased net earnings; (b) increased living expenses; (c) remarriage and an expected child; and (d) belief that a third party was contributing funds to his former wife.

The orders to show cause were consolidated for hearing. After hearing, the court took the matter under advisement and ordered the decree of divorce modified to reduce alimony payments to $25 per month and child support payments to $75 per month. The court found appellee in contempt and entered judgment for the arrearage, but denied appellant's petition for attorney's fees and costs. It is from this judgment that the appeal is taken on the grounds that the trial court abused its discretion in reducing child support and alimony payments in that there was insufficient evidence of changed circumstances. Also, appellant claims error in the court's denying her request for attorneys' fees and costs.

Alimony provisions in a divorce decree may be altered as the court deems just, Hayne v. Hayne, 9 Ariz.App. 99, 449 P.2d 633 (1969), and any provision respecting child support may be changed as circumstances of the parents and welfare of the child may require. Ruppel v. Ruppel, 103 Ariz. 545, 447 P.2d 237 (1968); A.R.S. § 25-321. The alimony and support provisions are not immutably forged into the decree, but are subject to modification if the circumstances fairly warrant modification. The child's needs are, of course, of paramount concern; the father's situation, however, cannot be disregarded. The original decree, based upon the court's assess-

ment of the parties' situation, is calculated to meet their needs under the facts presented. Under the doctrine of res judicata, the decision became final upon those facts, no appeal having been taken. Ward v. Ward, 88 Ariz. 130, 353 P.2d 895 (1960). A reduction ordinarily will not be given where it appears that the supporting parent is able to continue the payments originally allowed, even where he may be required to reduce his own expenses to fulfill his obligations. Ruppel v. Ruppel, supra; Annot., 89 A.L.R.2d 7 at p. 42.

As a guide in the exercise of its discretion, the trial court should consider the financial needs of those supported, the appellant's ability to contribute to those needs and the appellee's financial ability. Kennedy v. Kennedy, 93 Ariz. 252, 379 P. 2d 966 (1963); Shaffer v. Shaffer, 16 Ariz.App. 530, 494 P.2d 730 (1972). Mr. Hamann testified that at the time the original alimony and support payments were set, he was earning $180 per week. His weekly salary at the time of the show cause hearing had increased to $197. He also testified that at the time of the divorce he was living with his parents paying no rent, and at the time of the modification hearing his rent amounted to $147 per month. Previously he had paid $20 per month to his parents for food expenses. His food expense had changed to about $125 per month. He indicated that his medical and dental expenses amounted to about $35 per month. This is the sum and substance of the evidence relating to the appellee's changed circumstances. The total expenses for the appellee, according to our calculations, amount to $307 per month. In view of the appellee's income of approximately $600 per month, it would appear that his salary is ample to accommodate the original alimony and support payments decreed. The $20 per month received by appellant for janitorial work would not appear to justify modification of the decree, nor would the assistance received in the form of food stamps. The fact that appellee's gross income was less at the time of the hearing on the orders to show cause, is offset by the elimination of his travel expense.

Appellee complains that the court has not been furnished a complete record from which to appropriately review the matter. Even so, we must consider the questions which are raised by the partial record which has been transmitted to us. If appellee deems it essential for us to consider additional testimony, omitted from the record presented us, he must have it transmitted by timely filing a designation of additional record. Upon his failure to obtain for our consideration such additional record, we will not presume that the balance of the record favors his contention. Orlando v. Northcutt, 103 Ariz. 298, 441 P.2d 58 (1968); 16 A.R.S., Rules of Civil Proc., Rule 75(a), (b), (e).

In light of our conclusions from the record, we must agree with appellant that the trial court should have awarded her attorneys' fees. She was forced to take action due to her husband's refusal to fulfill his obligations imposed by the divorce decree. The purpose of the allowance of such fees is to assure that the wife has access to proper legal recourse. Norton v. Norton, 101 Ariz. 444, 420 P.2d 578 (1966); Davis v. Davis, 9 Ariz.App. 49, 449 P.2d 66 (1969). The differential in incomes and the need of the appellant clearly requires that the resources of counsel be made available to her. Shaffer v. Shaffer, supra.

We conclude that the record does not show a sufficient change in circumstances to justify a reduction in alimony and support. Accordingly, that portion of the judgment is reversed and the trial court is directed, on remand, to grant the appellant reasonable attorney's fees.

KRUCKER and HOWARD, JJ., concur.