513 P.2d 672

**FLORAL LAKES, INC., an Arizona corporation, Appellant,**

v.

**Kenneth G. PATTON, Appellee.**

**No. I CA–CIV 1792.**

Court of Appeals of Arizona,
Division 1, Department B.

Sept. 6, 1973.

Meyers & Curtis, by Michael A. Curtis, Phoenix, for appellant.

Gorodezky, Marron & Diamand, by John B. Marron, Phoenix, for appellee.

## OPINION

HAIRE, Judge.

After trial to the court, judgment was entered in favor of the plaintiff, Kenneth G. Patton, for the balance due for advertising and related services rendered to the defendant Floral Lakes, Inc. The judgment also awarded plaintiff interest on the balance found due from January 1, 1969, which was the month following the last month in which services were rendered.

On appeal, the defendant raises several questions, none of which can be sustained. First, the sufficiency of the evidence to support the judgment is questioned. Reviewing the record submitted on appeal, we notice that defendant did not designate the entire record, and in fact omitted many exhibits (business records of plaintiff) admitted into evidence by the trial judge. The plaintiff contends that in the absence of the entire record, it must be presumed that the evidence was sufficient to support the facts found by the trial judge. We agree. See Bryant v. Thunderbird Academy, 103 Ariz. 247, 439 P.2d 818 (1968); Visco v. Universal Refuse Removal Co., 11 Ariz.App. 73, 462 P.2d 90 (1969); Evans v. Scottsdale Plumbing Co., 10 Ariz.App. 184, 457 P.2d 724 (1969); and Chemi-Cote Perlite Corp. v. Harborlite Corp., 4 Ariz.App. 268, 419 P.2d 398 (1966). This is not a situation where a question of law can be determined on less than the entire record as in Hall v. Bowman, 88 Ariz. 409, 357 P.2d 149 (1960). Nor do we have a question as to whether there was sufficient evidence to require the giving of a requested instruction as in Or-

lando v. Northcutt, 103 Ariz. 298, 441 P.2d 58 (1968). Such questions can be determined on less than the entire record. However, a different situation is presented when the question is the sufficiency of the entire record to support the trial court's findings of fact. Here the defendant-appellant, while designating less than the entire record, did not serve with his designation "a concise statement of the points upon which he [intended] to rely" as required by Rule 75(d), Rules of Civil Procedure, 16 A.R.S. Under these circumstances the appellee-plaintiff cannot be faulted for not taking advantage of the provisions of Rule 75 for the designation of additional portions of the record. Cf. Hamann v. Hamann, 20 Ariz.App. 234, 511 P.2d 678 (1973). The portions of the record which were designated by defendant clearly indicate that the evidentiary exhibits omitted were relevant and properly admissible, and would have great probative value concerning the sufficiency questions here urged. For these reasons, we must presume that the evidence was sufficient to support the trial judge's findings.

Counsel next questions the propriety of the awarding of interest from January 1, 1969, contending that an unliquidated claim was involved. The factual background demonstrates the inaccuracy of defendant's contention. Basically, the arrangement was that plaintiff was to receive a $600 per month fee and was to be recompensed for all its outlays on behalf of the defendant. Production orders were approved before the incurring of any indebtedness. Each month a billing was sent for the expenditures and the fee. For the first several months the billings were paid. Thereafter, for the period involved in this action, the monthly billings were not paid because, as defendant's ex-president stated, the corporation lacked funds.[1] This is the only evidence as to why the balance was not paid. There is no evidence casting doubt on the propriety of the amounts

---

1. A promissory note, which was tendered to plaintiff by the defendant, was for the exact amount sued for. This promissory note was admitted into evidence.

billed and claimed due. Based upon the foregoing it is difficult to conceive how the claim could have been more liquidated. The mere fact that defendant's subsequent management might have questioned the wisdom of, or second-guessed the effectiveness of, prior management is not sufficient to relieve the defendant of its previously incurred debts or require that they be treated as unliquidated.[2] *See* Arizona Title Insurance and Trust Company v. O'Malley Lumber Company, 14 Ariz.App. 486, 484 P.2d 639 (1971); L. M. White Contracting Company v. St. Joseph Structural Steel Company, 15 Ariz.App. 260, 488 P.2d 196 (1971).

The defendant corporation's reliance upon Schwartz v. Schwerin, 85 Ariz. 242, 336 P.2d 144 (1959) is misplaced. Schwartz involved an action in *quantum meruit* for the reasonable value of services rendered, a situation completely different from the liquidated claim here involved. We hold that the claim was liquidated and that the interest was properly allowed.

 The defendant next argues that the admission into evidence of the deposition of defendant's ex-president was prejudicial error requiring reversal. The sole basis for this claimed error is defendant's contention that the trial judge erred in refusing defendant's request for a protective order requiring plaintiff to advance expenses for defendant's counsel to travel to Seattle, Washington, the place designated for the taking of the deposition. In our opinion the trial judge did not abuse his discretion in denying a protective order under the circumstances of this case. First, it should be noted that the witness to be deposed was the defendant corporation's own ex-president. In addition, while the defendant's motion asserted a financial inability to pay these travel expenses, no affidavit was filed in support thereof until after the trial judge had ruled denying the

motion. Even if we were to assume that the trial judge abused his discretion by denying the protective order, there would still be no requirement that the trial court's judgment be reversed. While it is true that the ex-president's deposition was admitted into evidence over defendant's objections, its contents were merely cumulative to other evidence fully supporting plaintiff's claim, and thus could not constitute prejudicial error requiring reversal in this non-jury trial. State v. Garcia, 97 Ariz. 102, 397 P.2d 214 (1964); Wescott v. Glowenski, 12 Ariz.App. 393, 470 P.2d 713 (1970); State v. Gunther & Shirley Co., 5 Ariz.App. 77, 423 P.2d 352 (1967).

The judgment is affirmed.

JACOBSON, C. J., Division 1 and EUBANK, P. J., concur.

---

pose. Counsel's attention is directed to the provisions of Rule 11(a), Rules of Civil Procedure, 16 A.R.S.