**STATE OF OREGON ex rel. Judith M. KRUEGER, Plaintiff/Appellant,**

v.

**Benny Thomas KRUEGER, Defendant/Appellee.**

Civ. No. 9725.

Supreme Court of North Dakota.

April 21, 1980.

Patricia L. Burke, Bismarck, for plaintiff/appellant.

Benny Thomas Krueger, pro se.

PAULSON, Justice.

This is an appeal by the plaintiff, State of Oregon ex rel. Judith M. Krueger ["Judith"], from the order of the McLean County District Court dated November 6, 1979, denying Judith's request that the defendant, Benny Thomas Krueger ["Krueger"], be ordered to make monthly child support payments for his adopted child, Alicia R. Krueger. We reverse and remand.

During June of 1978, Benny and Judith Krueger were divorced by decree of the McLean County District Court. Judith and her daughter Alicia, who is Krueger's adopted child, moved to the State of Oregon. Thereafter, the State of Oregon filed an initiating petition under the Uniform Reciprocal Enforcement of Support Act with the Josephine County Circuit Court in Oregon, stating that Alicia was receiving public assistance from the State of Oregon and requesting the McLean County District Court to obtain jurisdiction over Krueger and order him to make support payments for Alicia. In accordance with the provisions of that Act, the Josephine County Circuit Court submitted copies of the initiating petition and that court's Certificate and Order to the McLean County District Court.

On October 18, 1978, a hearing was commenced before the referee of the McLean County District Court wherein counsel for the North Dakota Regional Child Support Enforcement Unit represented Judith, and Krueger appeared pro se. At the conclusion of the hearing the referee determined that although Krueger had a legal duty to support Alicia he did not have the financial ability to do so. The referee recommended that the district court not order Krueger to make support payments, and further recommended that the matter be reviewed within one year. On November 21, 1978, the district court entered its order affirming the findings and recommendations of the referee.

On October 19, 1979, a hearing was commenced before the referee of the McLean County District Court on Judith's motion for a review of the matter as provided in the 1978 order. At this second hearing, counsel for the North Dakota Regional Child Support Enforcement Unit represented Judith and Krueger appeared pro se. At the conclusion of the hearing the referee determined that although Krueger had a legal duty to support Alicia he did not have the financial ability to do so. The referee recommended that the district court not order Krueger to make support payments and further recommended that the matter be reviewed in one year. On November 6, 1979, the district court entered an order affirming the referee's findings of fact and recommendations. Judith has filed an appeal from the order of the district court, asserting that the district court erred in refusing to order Krueger to make support payments for Alicia.

Section 14–12.1–24 of the North Dakota Century Code, of the Uniform Reciprocal Enforcement of Support Act [Revised], provides in relevant part:

"*14–12.1–24. Order of support.*—If the responding court finds a duty of support it may order the obligor to furnish support or reimbursement therefor and subject the property of the obligor to the order. . . ."

The district court's determination on the matter of child support is treated as a finding of fact and will not be set aside by this court on appeal unless it is clearly erroneous under Rule 52(a) of the North Dakota Rules of Civil Procedure. *Kostelecky v. Kostelecky,* 251 N.W.2d 400 (N.D.1977). A finding of fact is clearly erroneous when, although there is some evidence to support it, the reviewing court on the entire evidence is left with a definite and firm conviction that a mistake has been made. *Kostelecky, supra.* Upon reviewing the entire record in this case we are of the opinion that the district court's determination that Krueger does not have the financial ability to make even nominal child support payments is clearly erroneous and must be set aside.

At the hearing, Krueger testified that he was currently employed as a deputy sheriff of McLean County and was receiving "take-

home" pay of $800 per month. Krueger testified that he has remarried and that his present wife has a five-year-old child from a previous marriage who is living with them. Krueger also testified that he incurs the following monthly expenses:

| ITEM | MONTHLY EXPENSE |
|------|-----------------|
| House payment | $154.00 |
| Car payment | 177.45 |
| Food | 200.00 |
| Garrison Bank loan repayment | 78.35 |
| Utilities | 50.00 |
| Phone | 30.00[1] |
| Water and garbage | 19.38[2] |
| Total | 709.18 |

Thus, Krueger's monthly expenses which were introduced into evidence total less than Krueger's $800 monthly income. Although the district court determined that Krueger did not have the financial ability to make support payments, the court made no specific findings as to Krueger's income or expenses.

Krueger also testified that under an Order of Support entered by the Ransom County District Court he had been making support payments of $100 per month for three children of a previous marriage, but that. the last such payment he had made was on May 2, 1979. The record is unclear as to whether or not such order is still in effect, and the district court made no finding of fact on this matter.

▇ According to Krueger's testimony the monthly car payment of $177.45 is for a 1979 van which he purchased in December of 1978. Krueger testified that his previous car was "breaking down" and that it cost more to keep that car running than to increase his monthly payments "a little bit" on the purchase of the new van. In our opinion it is incredible that a person who testifies, as did Krueger in this case, that "I can't even pay—afford to pay $10.00" for child support, can find the resources to pay $177.45 per month to purchase a new vehi-

cle. Certainly, Krueger's legal duty to support his children transcends the purchase of a new, relatively expensive motor vehicle. The "Respondent's Questionnaire" completed by Krueger in conjunction with the 1978 support proceeding reveals that his monthly car purchase payment at that time was $90.06. The substantial increase of $87.39 in monthly expense resulting from Krueger's purchase of the new van is not the type of involuntary circumstance beyond his control which would warrant consideration by the court in its determination of Krueger's ability to make support payments. *See Foster v. Nelson*, 206 N.W.2d 649 (N.D. 1973).

▇ In its determination of child support, the trial court must attempt to strike a balance between the needs of the child and the ability of the father to pay. *Kostelecky v. Kostelecky*, 251 N.W.2d 400 (N.D.1977). Although the court should not impose a support obligation which the father cannot perform nor one which would burden him to the extent that all incentive is destroyed, he should be required to support his child as best he can. *Hoster v. Hoster*, 216 N.W.2d 698 (N.D.1974).

▇ While there may exist a case wherein the father is so destitute and utterly void of financial means that imposition of even a nominal support obligation would not be justified, the instant case does not warrant such a result. We hold a firm conviction that the district court is mistaken in its determination that Krueger does not have the financial ability to pay any support, whatsoever, for Alicia. In our opinion, the record reveals that Krueger has the ability to make at least nominal monthly support payments for Alicia.

▇ Section 14–17–14(5), N.D.C.C., of the Uniform Parentage Act, provides the following list of factors for the court to consider in its determination of child support:

---

1. Krueger's actual testimony as to monthly telephone bills was "Average about twenty dollars—thirty dollars a month".

2. Krueger's only testimony with regard to his monthly expenses for water and garbage was that he had a bill for $58.14 for three months. Such figure reflects a monthly expense of $19.38.

*"14–17–14. Judgment or order.—*

. . . . .

"5. In determining the amount to be paid by a parent for support of the child and the period during which the duty of support is owed, a court enforcing the obligation of support shall consider all relevant facts, including:

a. The needs of the child;

b. The standard of living and circumstances of the parents;

c. The relative financial means of the parents;

d. The earning ability of the parents;

e. The need and capacity of the child for education, including higher education;

f. The age of the child;

g. The financial resources and the earning ability of the child;

h. The responsibility of the parents for the support of others; and

i. The value of services contributed by the custodial parent.

It is our view that the foregoing factors should be considered by the court in any proceeding to determine matters of child support, whether or not such proceeding is commenced under the Uniform Parentage Act. The trial court's determination of the amount to be paid by a parent for the support of the child should be based upon all relevant factors, including, but not limited to, those factors set forth in § 14–17–14(5), N.D.C.C. *State v. Unterseher*, 255 N.W.2d 882 (N.D.1977). Those factors, in addition to the father's financial ability, are important criteria for the court to consider in determining what support obligation, if any, to impose upon Krueger.

We reverse and remand for further proceedings consistent with this opinion.

ERICKSTAD, C. J., and PEDERSON, VANDE WALLE and SAND, JJ., concur.