671 P.2d 938

Linda Joyce FLETCHER,
Petitioner/Appellant,

v.

James William FLETCHER,
Respondent/Appellee.

No. 2 CA–CIV 4760.

Court of Appeals of Arizona,
Division 2.

Oct. 19, 1983.

Henderson & Ollinger by Charles G. Ollinger, III, Tucson, for petitioner/appellant.

Lingeman & Bock by Richard C. Bock and Larry J. Lingeman, Tucson, for respondent/appellee.

OPINION

HATHAWAY, Judge.

This is an appeal from a modification of a divorce decree reducing the amount to be paid by appellee/husband as child support. The parties were divorced in January 1980. The decree of dissolution provided, inter alia, that appellee pay $250 per month as child support for his daughter. At the time of the divorce, appellee was working for ASARCO earning approximately $19,500 net per year. Subsequently, the ASARCO mine closed and appellee was laid off. He is now employed by the Pinal County Sheriff's Department and is paid approximately $9,800 net per year. The court found this to be a substantial change in circumstances and reduced the child support payment to $175 per month. We affirm.

Appellant first argues that the court misunderstood the evidence relevant to a determination of substantial change in circumstances and had no evidence of a continuing change. We disagree. The decision as to the sufficiency of changed circumstances to support a modification lies within the sound discretion of the trial court and will not be disturbed on appeal unless it is abused. *Linton v. Linton,* 17 Ariz.App. 560, 499 P.2d 174 (1972). The record clearly indicates that appellant's income has been reduced by half and we do not believe it an abuse of discretion for the trial court to consider this a substantial change in circumstances. As to appellant's contention that the court made no "finding" of a continuing change in circumstances, we believe appellant misconstrues the statute. A.R.S. § 25–327(A) requires a "showing of changed circumstances which are substantial and continuing." There is no require-

ment that the court make any "findings." Appellant argues that appellee is an experienced miner and that his new job may very well be temporary. While this may be true, it was uncontested that the reduction in wages was continuing at the time of the modification hearing and was not speculative or temporary. See *Scott v. Scott,* 121 Ariz. 492, 591 P.2d 980 (1979). If appellant resumes work as a miner and his salary is substantially increased, appellant can then request the court to restore the child support payments to the former level.

Appellant next argues that even though there has been a reduction in appellee's income, that fact does not relieve him of his obligation to support his daughter. While this is a true statement of the law, we find all but one of the cases cited for this proposition to be readily distinguishable. In *Hamann v. Hamann,* 20 Ariz.App. 234, 511 P.2d 678 (1973), the husband's income had increased from the time of the original decree. In *Ruppel v. Ruppel,* 103 Ariz. 545, 447 P.2d 237 (1968), the reduction in income was less than 20% and the reduced income was balanced entirely by a reduction in child support. In *Watson v. Watson,* 29 Colo.App. 449, 485 P.2d 919 (1971), there was no reduction in the husband's income. In *State of Minnesota, County of Clay v. Doty,* 326 N.W.2d 74 (N.D.1982), the husband had ignored a court order to pay child support and argued that he should not have to pay anything to support the child. In *State of Oregon ex rel. Krueger v. Krueger,* 292 N.W.2d 60 (N.D.1980), the husband was also arguing that he should not have to pay anything as child support even though the record indicated that he could afford, as the court stated, "at least nominal monthly support payments." 292 N.W.2d at 62. In

*Germer v. Germer,* 17 Utah 2d 393, 412 P.2d 922 (1966), there was no reduction in income and the husband had been in arrears on child support since the divorce. In *Shaffer v. Shaffer,* 16 Ariz.App. 530, 494 P.2d 730 (1972), the husband's income had increased just prior to the time of the modification hearing and he merely anticipated a reduction in the future. In *Patterson v. Patterson,* 102 Ariz. 410, 432 P.2d 143 (1967), the reduction in the husband's income was found by the court to be the result of his choosing not to work as industriously at his medical practice. *Hoffman v. Hoffman,* 4 Ariz.App. 83, 417 P.2d 717 (1966), dealt with a change in child custody. The only case cited bearing any resemblance to the case at hand is *Edwards v. Edwards,* 82 Nev. 392, 419 P.2d 637 (1966). The crucial difference between the two cases arises from the husband's admission in *Edwards* that the increase in his expenses was frivolous and unwarranted. No such finding was made by the trial court here nor is it a factual issue which we can review given the absence of a transcript of record. In the absence of a transcript, we will presume that the evidence at trial was sufficient to sustain the trial court's conclusion. *Bryant v. Thunderbird Academy,* 103 Ariz. 247, 439 P.2d 818 (1968).

Affirmed.

HOWARD, C.J., and BIRDSALL, J., concur.