NOTICE: NOT FOR PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT
PRECEDENTIAL AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

In re the Matter of:

CHINEDU ONUIGBO, *Petitioner/Appellant*,

*v.*

SUSAN ONUIGBO, *Respondent/Appellee*.

No. 1 CA-CV 14-0134
FILED 1-29-2015

Appeal from the Superior Court in Maricopa County
No. FC2008-051474
The Honorable Steven K. Holding, Judge *Pro Tempore*

**AFFIRMED**

COUNSEL

Chinedu Onuigbo, Glendale
*Petitioner/Appellant*

Susan Onuigbo, Surprise
*Respondent/Appellee*

---

**MEMORANDUM DECISION**

Presiding Judge Andrew W. Gould delivered the decision of the Court, in which Judge Maurice Portley and Judge Jon W. Thompson joined.

---

**G O U L D**, Judge:

**¶1** Chinedu Onuigbo ("Father") appeals the family court's order modifying child support in favor of Mother. For the following reasons, we affirm.

## FACTS AND PROCEDURAL BACKGROUND

**¶2** Father and Susan Onuigbo ("Mother") have two minor children. Father and Mother divorced in 2009. In the decree, the parties agreed to joint custody of their two children and stipulated that neither party be required to pay child support.

**¶3** Father filed a petition to establish child support in 2013. An evidentiary hearing was held regarding Father's petition. After the hearing, the family court ruled that Father must pay child support to Mother in the amount of $153.85 per month. Father filed a motion for reconsideration, which was denied. Father timely appealed.

## DISCUSSION

**¶4** Father challenges the family court's child support award on the grounds the court's income determinations as to the parties was contrary to the evidence presented at the hearing. Father also argues that the family court's order modifying support in favor of Mother was unfair and placed an undue burden on him.

**¶5** We review the decision to modify child support for an abuse of discretion. *Little v. Little*, 193 Ariz. 518, 520, ¶ 5, 975 P.2d 108, 110 (1999). We will affirm the family court's award unless the record, "viewed in the light most favorable to upholding the [family] court's decision, is devoid of competent evidence to support the decision." *Id.* (citation omitted).

**¶6** Based on the record before us, we conclude there is no error. The family court based its award on its finding that Mother's annual income was $71,000, and that Father's imputed annual income was $62,000. *See*

Ariz. Rev. Stat. § 25-320 app. § 5(E) (2011) (stating a court may impute income to a parent who is unemployed or working below his full earning potential if the parent's earnings are reduced voluntarily and not for reasonable cause). Because Father failed to provide any transcripts, we must assume the record supports the family court's findings. *Fletcher v. Fletcher*, 137 Ariz. 497, 498, 671 P.2d 938, 939 (App. 1983); *see* Ariz. R. Civ. App. P. 11(b)(1) (an appellant is required to include all relevant transcripts in the record on appeal); *Blair v. Burgener*, 226 Ariz. 213, 217, ¶ 9, 245 P.3d 898, 902 (App. 2010) (same).

## CONCLUSION

¶7        For the foregoing reasons, we affirm.



Ruth A. Willingham · Clerk of the Court
F I L E D : ama