NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

In re the Matter of:

MUNA HADDAD, *Petitioner/Appellee,*

*v.*

SHEBLI R. GEEGIEH, *Respondent/Appellant.*

STATE OF ARIZONA ex rel. DEPARTMENT OF ECONOMIC SECURITY,
*Intervenor/Appellee.*

No. 1 CA-CV 15-0834 FC
FILED 12-22-2016

Appeal from the Superior Court in Maricopa County
No. FC2012-007413
No. FC2012-094018 (consolidated)
The Honorable Katherine M. Cooper, Judge

**AFFIRMED**

COUNSEL

Wees Law Firm LLC, Phoenix
By James F. Wees
*Counsel for Petitioner/Appellee*

Shebli R. Geegieh, Chandler
*Respondent/Appellant*

---

## MEMORANDUM DECISION

Judge Donn Kessler delivered the decision of the Court, in which Presiding Judge Kenton D. Jones and Judge Randall M. Howe joined.

---

**K E S S L E R**, Judge:

¶1   Shebli Geegieh ("Geegieh") appeals from the superior court's denial of his motion to terminate spousal maintenance. He argues that his due process rights were violated, the evidence does not support the court's findings that there was insufficient evidence to show significant and continuous changes to terminate spousal maintenance, and attorney's fees should not have been awarded against him. For the following reasons, we affirm the superior court's judgment.

### FACTUAL AND PROCEDURAL HISTORY

¶2   Muna Haddad ("Haddad") and Geegieh were married in 2010. Both Haddad and Geegieh filed for divorce in 2012 and the two cases were consolidated. They have two children, born in 2011 and 2013.

¶3   In 2013, the court dissolved the marriage. Haddad was awarded $2000 a month in spousal maintenance for thirty-six months, commencing May 1, 2013. Haddad and Geegieh were awarded joint physical and legal custody of their two children. Geegieh was ordered to pay $380 monthly in child support. Haddad was awarded attorney's fees and costs.

¶4   Geegieh filed petitions to modify spousal maintenance in January and March 2014, which were dismissed. In 2015, Geegieh moved to terminate spousal maintenance alleging Haddad's new employment provided her with the financial resources to meet her needs independently. The superior court found Geegieh had not proved a substantial and continuing change in Haddad's ability to meet her reasonable needs independently and denied Geegieh's motion. Haddad was awarded additional attorney's fees, in part because the superior court found Geegieh's conduct in the litigation to be harassing and vexatious. Because of Geegieh's excessive number of filings, the superior court also ordered that Geegieh must seek the court's permission before filing any other motions or requests. Geegieh did not seek to file any further motions or

requests from the order denying his motion to terminate spousal maintenance.

¶5        Geegieh timely appealed. We have jurisdiction pursuant to Arizona Revised Statutes ("A.R.S.") section 12-120.21(A)(1) (2016).[1]

**DISCUSSION**

I.        Standard of Review

¶6        We view the facts in the light most favorable to upholding the superior court's judgment and will not set it aside unless it is clearly erroneous. *In re Marriage of Foster*, 240 Ariz. 99, 99, ¶ 2 (App. 2016) (citation omitted); *Walsh v. Walsh*, 230 Ariz. 486, 490, ¶ 9 (App. 2012) (citations omitted). Spousal support obligations may be "terminated only on a showing of changed circumstances that are substantial and continuing." A.R.S. § 25-327(A) (Supp. 2015). "The decision as to the sufficiency of changed circumstances to support a modification lies within the sound discretion of the trial court and will not be disturbed on appeal unless it is abused." *Fletcher v. Fletcher*, 137 Ariz. 497, 497 (App. 1983) (citation omitted). The burden of showing changed circumstances is on the spouse seeking modification or termination. *Scott v. Scott*, 121 Ariz. 492, 494 (1979) (citation omitted). We review the award of attorney's fees in divorce proceedings for an abuse of discretion. *Murray v. Murray*, 239 Ariz. 174, 179, ¶ 20 (App. 2016) (citation omitted).

II.       Due Process

¶7        Geegieh asserts his due process rights were violated by (1) not allowing him two hours instead of the ninety minutes allotted for the evidentiary hearing on his motion; (2) not permitting him to cross-examine Haddad; and (3) ordering him to not file any motions without permission of the court.

¶8        First, the superior court's scheduling order states that

> Each party presumptively will be allowed half of the available time to present all direct, cross and redirect examination and any argument. . . . The parties are expected to complete the trial in the allotted time. If a party believes that more trial time is needed, he or she must file a motion **at least 30 days** before

---

[1]       We cite to the current version of statutes unless changes material to this decision have occurred.

the trial setting forth good cause to enlarge the trial time. Failure to timely file such a motion will be deemed a waiver of any argument that more trial time is needed.

(emphasis in original). Although Geegieh filed nine motions and replies in the three months between the scheduling order and the hearing, including his third motion for sanctions, and orally moved on the day of trial for additional time when it became obvious he did not have the time he wanted to put on his case, none of the motions included a request to enlarge the trial time. Geegieh thus waived any argument that he needed more time.

¶9 As to Geegieh's second argument, he is correct that he was not able to cross-examine Haddad. However, the superior court warned Geegieh at the end of his testimony that he only had two minutes of his allotted time remaining and informed him he could save it until the end. Knowing that, Geegieh made the tactical decision to continue testifying, rather than cross-examine Haddad. The scheduling order put all parties on notice that they would be allowed half of the allotted time to conduct all examinations, including cross-examinations. Geegieh's due process rights were not violated simply because he managed his time poorly.

¶10 Finally, Geegieh's claim that the superior court violated his rights "by ordering him not to file anything with the [c]ourt of any kind" must fail for at least three reasons.[2] First, the order did not prohibit him from filing motions or requests, but merely required him to receive the court's prior permission to do so. Given the ample evidence that Geegieh's numerous motions constituted "harassing, vexatious litigation," the court did not abuse its discretion by requiring Geegieh to seek permission before filing a motion. Contrary to Geegieh's assertions, this did not deny him "the right to obtain any relief." Second, the order operated prospectively and did not affect the judgment from which Geegieh is appealing. Third, Geegieh's argument the order prevented him from filing a motion for a new trial or

---

[2] In placing restrictions on future filings, a court must satisfy due process by (1) affording the party notice and an opportunity to oppose the order; (2) creating an adequate record for appellate review; (3) making substantive findings as to the frivolous or harassing nature of the litigant's actions; and (4) "narrowly tailor[ing the order] to closely fit the specific vice encountered." *Madison v. Groseth*, 230 Ariz. 8, 14, ¶ 18 (App. 2012) (citation omitted). The court adequately addressed all but the first principle, as it failed to provide Geegieh notice it was considering such an order. However, this error is not reversible because Geegieh never sought to file anything else below relating to this appeal.

for other relief from the order denying his motion to terminate spousal maintenance is not supported by the record. He did not seek the court's permission to file such a motion and does not present any factual or legal basis that would have supported a request for such relief. *See State v. Kaiser*, 109 Ariz. 244, 246 (1973) (citations omitted) ("As a general rule evidence cannot be reviewed on appeal in the absence of an offer of proof showing that the excluded evidence would be admissible and relevant."). We therefore reject Geegieh's assertions.

### III.     Misstatement of Facts/Insufficiency of Evidence

**¶11**          Although his brief is hardly a model of clarity, we understand Geegieh's argument on this issue to be that there was insufficient evidence to support the ruling. We disagree.

**¶12**          Many of the facts Geegieh argues the superior court "misstated" are either irrelevant to the decision or of such minor difference as to be immaterial. For example, Geegieh challenges the superior court's calculations regarding Haddad's take-home pay. The superior court found Haddad is unable to meet her reasonable needs on a net take-home pay of $1600 per month. Geegieh asserts Haddad's net pay is $1851.52 a month because voluntary deductions, such as retirement savings or life insurance, should not be included. Even assuming Geegieh's calculation is correct, the difference of $251.52 per month is not so great as to constitute an abuse of discretion.

**¶13**          Geegieh asserts that Haddad's new employment is a substantial and continuous change in circumstances warranting termination of spousal maintenance.[3] Since the original decree, Geegieh's income has increased by at least $11,000,[4] and while Haddad now earns approximately $26,000 annually, her expenses have also increased because she now has a higher rent payment and childcare costs. Although Haddad was not working at the time of the decree, the court properly found her net

---

[3]      Geegieh also argues that the superior court included factors in its ruling contrary to A.R.S. § 25-501(A) (Supp. 2015). However, that statute deals with the obligation of parents to provide for their minor children. A.R.S. § 25-501(A). Modification of spousal maintenance is provided for in A.R.S. §§ 25-319(B) and 25-327(A).

[4]      Geegieh refused to provide his 2014 tax returns, despite repeated requests. A 2015 paystub indicated he earned nearly $120,000 and Haddad introduced evidence that he earned approximately $158,000.

take-home pay is now actually less than zero because of new rent and childcare obligations.[5] Given the great disparity in incomes and Haddad's increased expenses, the court did not abuse its discretion in finding the changes were not sufficiently substantial or continuous to merit modification.

IV.     Attorney's Fees

¶14        Geegieh asserts the superior court erred in awarding Haddad her attorney's fees and costs. Geegieh claims the court should not have found he acted unreasonably, found a disparity in income, or allowed fees for the settlement offer sent by Haddad's counsel. We disagree.

¶15        The superior court awarded attorney's fees under A.R.S. § 25-324(A)-(B) (Supp. 2015). Section 25-324(A) allows the court to award fees "after considering the financial resources of both parties and the reasonableness of the positions each party has taken throughout the proceedings." A.R.S. § 25-324(A). While the primary purpose of the statute is to "provide a remedy for the party least able to pay," *Bell-Kilbourn v. Bell-Kilbourn,* 216 Ariz. 521, 524, ¶ 13 (App. 2007), the court can award fees based on either factor, *Magee v. Magee*, 206 Ariz. 589, 591 n.1, ¶ 8 (App. 2004) (citation omitted) ("[A]n applicant need not show both a financial disparity and an unreasonable opponent in order to qualify for consideration for an award" under A.R.S. § 25-324(A)); *Myrick v. Maloney*, 235 Ariz. 491, 494, ¶ 9 (App. 2014) (citations omitted) (holding that although the court must consider both reasonableness and financial disparity, the court has discretion to award fees on either factor).

¶16        The superior court did not err in awarding fees. First, there is a great financial disparity between Haddad's and Geegieh's incomes. Geegieh does not dispute that he currently makes more than $100,000 annually, whereas Haddad makes less than $30,000 a year. Substantial evidence supports the court's finding.

¶17        Second, the superior court found that Geegieh had acted unreasonably in the litigation. Geegieh argues he was not unreasonable for filing for termination of maintenance after Haddad had begun working. While the filing of a third petition to modify spousal maintenance might

---

[5]        Haddad testified and the court found that her rent is $1100 a month and she pays $770 a month for childcare. Haddad testified she earns approximately $1600 a month. The court therefore reasonably found that Haddad was running approximately a $270 monthly deficit.

not, in itself, be unreasonable, Geegieh's conduct relating to the petition and since the filing of the original divorce decree can only be described as harassing and vexatious. Geegieh has filed over sixty motions with the trial court in the four years since the filing of the original decree, as well as a previous appeal to this court, which he voluntarily dismissed. In the three months between filing the termination petition and the hearing alone, he filed nine motions, including three motions to compel and two sanctions motions. The superior court correctly determined that "[n]one of these motions were necessary or reasonable."

¶18          Finally, Geegieh's claim that Haddad's counsel was attempting "to breed fees instead of reducing the litigation" by sending Geegieh an email making a settlement offer cannot survive even the most minimal scrutiny. Geegieh filed motions at a rate of nearly three to one over Haddad. Haddad is now responsible for over $15,000 in fees because of Geegieh's repetitive and unreasonable filings. We are unpersuaded that Geegieh should not be responsible for any attorney's fees merely because he objects to Haddad's counsel sending a single email. In any event, that email, suggesting a possible settlement Haddad had not yet approved of, actually sought to open a discussion toward resolving the interminable litigation fostered by Geegieh. Awarding fees for the costs related to that email was not erroneous.

## CONCLUSION

¶19          For the foregoing reasons, we affirm the superior court's order. Pursuant to A.R.S. § 25-324(A)-(B), we will award Haddad reasonable attorney's fees and taxable costs on appeal upon timely compliance with Arizona Rule of Civil Appellate Procedure 21.



AMY M. WOOD • Clerk of the Court
FILED:  AA